ATLAS RY. SUPPLY CO. v. LAKE & RIVER RY. CO. et al.

(Circuit Court, N. D. Ohio, E. D.   January 27, 1905.)

No. 6,567.

1. CORPORATIONS—INSOLVENCY—RECEIVERS—EFFECT.
   Neither the pendency of a creditors' suit against an insolvent corporation, nor the appointment of a receiver of its assets, nor a decree for the sale thereof affects corporate existence, or prevents the corporation from acting as such and incurring indebtedness.
   [Ed. Note.—For cases in point, see vol. 12, Cent. Dig. Corporations, § 2388.]

2. SAME—CREDITORS' SUIT—PENDENCY—FEDERAL COURTS—LIS PENDENS.
   A creditors' suit pending against an insolvent corporation in the federal court is constructive notice of lis pendens with respect to all property of the corporation in the district and division.

3. SAME—CREDITORS PENDENTE LITE—RIGHTS.
   Where creditors of an insolvent corporation became such pending a creditors' suit in the federal courts to subject the corporation's assets to the payment of its debts, and were enjoined from prosecuting their legal remedies in the state courts, they were entitled to intervene in the proceedings in the federal court, and to participate only in such assets as remained after payment of the claims of creditors existing at the time the creditors' bill was filed.

In Equity.

Weed & Miller, for complainant.
Garfield, Howe & Westenhaver, for the Cleveland Trust Company.
Squire, Sanders & Dempsey, for N. M. Berk.
Frank E. Ream, for Z. T. Herndon.
Barton Griffith and J. P. Wilson, for the Columbus Savings & Trust Co.

WING, District Judge.   On the 5th day of August, 1903, a bill was filed in behalf of the complainant, alleging that a materialmen's lien existed in favor of the complainant, and that the defendant was insolvent, and with other allegations sufficiently broad to make it a creditors' bill for the administration of the assets of the defendant railway company.   A receiver was appointed for all of the property and assets of the company.   Injunction was issued against the officers and agents of the railway company from in any wise interfering with the management of the property by the receivers.   On August 17, 1903, the court made an order requiring all creditors to file their claims on or before the 1st day of October following, on penalty of being forever barred from participating in the distribution of the assets of the company. Notice was given of this order.   Later the claims filed were referred to a master, and the master made his report, which was confirmed. On March 20, 1904, the Cleveland Trust Company intervened by petition and cross-bill, setting up a mortgage upon a portion of the premises. Issue was made, and solved in favor of the intervener, and the property covered by the mortgage was sold under a decree of foreclosure. About the time of the sale, or perhaps a little after, it was discovered by the receivers that property of the defendant corporation existed in Summit county, of which they had theretofore had no knowledge.

New receivers were appointed, who went into possession of this property by order of the court, and it is now in the possession of the receivers in this cause. One of the interveners—N. M. Berk—became a creditor during the pendency of this suit. He commenced a suit to foreclose his mortgage in the court of common pleas of Summit county, Ohio. Another of the interveners—Z. T. Herndon—and also the Columbus Savings & Trust Company, intervened in this suit. At the instance of the receivers, who filed their petition in this court, these proceedings in the state court were stayed by injunction, after a rule had been entered requiring the intervening petitioners to appear and show cause why they should not be so enjoined. Hearing was had on this rule on July 24, 1904, at which hearing the court held that it had jurisdiction on the bill as presented to appoint a receiver for all the property and assets of the Lake & River Railway Company, including that acquired from the Richland & Mahoning, and that it had done so. The property acquired from the Richland & Mahoning is the property situated in Summit county, and with respect to which suit was brought in the state court by the interveners. The intervening petitioners were enjoined from prosecuting their suit in the state court, and given leave to intervene in this suit within 60 days. The answer and cross-bill of N. M. Berk was filed after the expiration of the 60 days, but with leave of court. With respect to the answer and cross-bill of Berk, motion is filed to strike it from the files, and also a demurrer.

The answer and cross-bill shows that the claim of Berk originated pending this suit, a considerable time after its commencement, and after the appointment and qualification of the receivers; that C. W. French, president of the Lake & River Railway Company, applied to Berk for a loan; that Berk agreed to lend to the Lake & River Railway Company the sum of money, provided the proper corporate steps were taken by the directors authorizing the loan and providing for the execution and delivery of the mortgage, and provided further that the property was free and clear of all incumbrances; that action was taken by the stockholders and directors authorizing the company to borrow a sum not to exceed $17,000, to be evidenced by a promissory note. Further answering, Berk shows that an abstract of title covering the property was prepared for him by a reliable abstracter, and all of the records of Summit county, Ohio, in which said property was located, were searched for the purpose of ascertaining the title to the property contemplated to be mortgaged under the provisions of the resolution above referred to; that he was advised by said abstracter, and now states the fact to be, that upon the 5th day of November, 1903, the record title to said property was in the Lake & River Railway Company, free and clear of all incumbrances, in so far as might appear from the records of Summit county; that, relying upon the action of the stockholders and directors, and without any knowledge of the pendency of this suit, he took from the Lake & River Railway Company a note and mortgage deed dated November 5, 1903, by the terms of which the Lake & River Railway Company sold and conveyed to Berk, his heirs and assigns, the property, which is fully described in the bill, and which is the property situated in Summit county. There are further allegations in the answer and cross-bill of Berk adapted to be the basis of attack upon

the decree of this court upon the mortgage issued to the Cleveland Trust Company. The prayer of the answer and cross-bill of Berk is for judgment against the Lake & River Railway Company in the sum of $17,000, with interest; that the Cleveland Trust Company, Calvary Morris, and the Columbus Savings & Trust Company be made parties defendant, and be required by a day certain to answer to the matters alleged; that a temporary restraining order be issued restraining the said the Cleveland Trust Company and Calvary Morris from disposing of the property of the Ashland & Wooster Railway Company sold under the proceedings heretofore had in this cause; that the decree of foreclosure and sale entered on March 30, 1904, in this cause, and the proceedings had thereunder, including the sale of the property, be set aside, and held for naught; that Calvary Morris and the Cleveland Trust Company be required to redeliver to the receivers heretofore appointed in this cause all of the property obtained by them at the sale under such foreclosure proceedings, which the receivers were ordered to turn over to the purchaser; that the $500,000 of the first mortgage bonds referred to in the bill of complaint filed by the Cleveland Trust Company, August 20, 1903, and the alleged mortgage deed of the Ashland & Wooster Railway Company referred to therein as security for the payment of said first mortgage bonds, be declared illegal and void, and judgment be entered against the Cleveland Trust Company on its cross-bill of complaint; that the Lake & River Railway Company be required within a time certain to pay the claims of Berk and those persons or corporations whose claims have been allowed by the special master, and that, in default thereof, an order of sale issue, appointing a special master, and directing him to sell all of the property of the Lake & River Railway Company, and out of the proceeds thereof pay to the claimants herein their claims in the order of their priority.

The theory upon which relief is given under a so-called creditors' bill, or a bill brought by one creditor in behalf of all for the administration of the assets of an insolvent corporation, is that such assets form a trust fund, of which the then creditors are the cestuis que trustent. In order to administer this trust, receivers are appointed to preserve the property pending the ascertainment of the rights of creditors as to priority and as to amount. It is of course, true that neither the pendency of such a suit nor the decree of sale affects the corporate existence of the defendant, nor in any way prevents it from acting as a corporation; and particularly such suit does not in any wise prevent the corporation from incurring indebtedness. It does not follow from this that either the corporation, or a creditor who becomes such pending such a suit, can divert the distribution of the trust fund from those entitled to its distribution at the time of the impounding of the assets, to wit, the filing of the bill. A suit affecting title to property, in a federal court, is constructive notice of lis pendens with respect to all property in the district and division. Berk shows in his bill that he relied upon an examination of the records of Summit county and in no wise examined the records of this court. This, perhaps, is not material, but it shows that Berk omitted those things which would have given him actual notice of at least a cloud upon the Summit county property.

Whatever rights Berk has acquired by loaning money to the Lake & River Railway Company upon the security of the mortgage described in his petition were and are subject to the rights of creditors as ascertained in this suit. He undoubtedly has a right to any surplus which may remain after such ascertained indebtedness has been paid. In so far as the cross-bill contains allegations designed to support that portion of the prayer of the bill which asks for the setting aside of the decree of foreclosure and the reopening of the issues then decided, and the turning over of the property by the purchaser, and other results which would follow the granting of such prayer, it is my decision that it is an improper cross-bill to be filed by one who has become a creditor pending the suit. Because Berk has been enjoined from proceeding against this property in the state court it is proper that he should intervene in this cause for the protection of his interests in any assets which may bring proceeds in excess of the amount of the claims of creditors who existed at the time of the filing of the original bill, but his pleading should be confined to the assertion of that right. The motion to strike the answer and cross-bill of Berk from the files is therefore granted, but with leave to Berk to file such amended intervening pleading as may be adapted to protect his interests in the surplus hereinbefore referred to. This he may do within 30 days.

Because of the striking of the pleading from the files, it is unnecessary to pass upon the demurrer, which is also stricken from the files.

With respect to the cross-bill of the defendant the Columbus Savings & Trust Company, it is shown that the intervener became a mortgage creditor of the Lake & River Railway Company pending this suit, as hereinbefore stated. This intervener intervened in the suit brought by Berk in the court of common pleas of Summit county, Ohio, for the purpose of foreclosing its mortgage. It was enjoined from proceeding further in the state court, and allowed to intervene in this cause. The cross-bill is confined to allegations in regard to the bonds and mortgage upon which it founds its claim. It has been allowed to intervene with respect of this matter, and, for the purposes referred to in the part of this opinion which relates to the answer and cross-bill of Berk, its appearance in this case and the filing of its pleading are proper. The motion to strike its cross-petition from the files is therefore overruled.

Demurrer is filed to this cross-petition. Inasmuch as the allegations in the petition may, under certain circumstances, to wit, there being a surplus of assets above an amount necessary to pay the creditors who existed at the time of the filing of the bill, entitle the cross-petitioner to relief, the demurrer is overruled.

The cross-bill of Herndon shows an indebtedness which has arisen pending this suit. He has a right to intervene, under the former orders of this court, and for the purposes mentioned with respect to the other interveners herein. The motion to strike this petition from the files is therefore overruled. Inasmuch as he shows an indebtedness, although it had its inception pending this suit, he may be entitled to relief of some nature. Therefore the demurrer to his cross-bill is overruled.