## STATE OF MARYLAND v. TURNER.

## MAYOR OF BALTIMORE v. SAME.

(Supreme Court, Special Term, New York County. November 28, 1911.)

1. COURTS (§ 39*)—JURISDICTION—ACTION UNDER LAWS OF ANOTHER STATE—CONTRACTUAL OBLIGATION—DETERMINATION.

   Whether the action to recover taxes levied under the laws of another state is on a contractual obligation, and so maintainable in New York, is a matter for the determination of the court in which the action is brought; and it is not bound by the decisions of the courts of the other state that the obligation is contractual.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 152–156; Dec. Dig. § 39.*]

2. COURTS (§ 8*)—ACTION ON TAX IMPOSED UNDER LAWS OF ANOTHER STATE.

   The imposition of a tax not raising in New York a contractual obligation, action cannot be maintained therein on a tax imposed under the law of another state.

   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 18, 19; Dec. Dig. § 8.*]

Two actions, one by the State of Maryland and the other by the Mayor of Baltimore, against Oscar M. Turner. Defendant demurs to the complaints. Demurrers sustained.

Carter, Ledyard & Milburn, for plaintiffs.

Harrington, Bigham & Englar (Oscar R. Houston, of counsel), for defendant.

GERARD, J. The grounds of the demurrers to the complaint in both the actions are the same—that the complaint does not state facts sufficient to constitute a cause of action. The actions are brought, one by the state of Maryland and one by the city of Baltimore, against the defendant to recover from him a sum of money equal to the amount of the taxes assessed against him upon personal property by the state of Maryland and the city of Baltimore while he was a resident of that city and state. The complaints set up that the highest courts of Maryland, in interpreting its tax laws, have held that by the assessment of the tax a legal duty and obligation was created under and by which the defendant agreed to pay the same.

[1, 2] The defendant claims that the question raised is whether a foreign state may maintain an action at law in this state to collect a tax levied by it on personal property, and the plaintiffs claim that the question is whether a contractual obligation raised by the laws

———————

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of another state can be enforced in this state by a common-law action. I do not find any case where such an action has been brought, so that the questions here presented are not only most interesting, but absolutely novel. It is conceded that, if the action is brought to enforce a penalty imposed by the laws of Maryland, then it cannot be maintained, for, as was said by Chief Justice Marshall, "the courts of no country execute the penal laws of another." The Antelope, 10 Wheat. 66, 123, 6 L. Ed. 268. Defendant claims that the action is not brought to enforce a contractual, or even quasi contractual, liability, and plaintiffs claim that, as the courts of Maryland have decided that the liability is contractual, the courts of New York are bound by such decisions (citing Flash v. Conn, 109 U. S. 371, 3 Sup. Ct. 263, 27 L. Ed. 966). In that case an action was brought in Florida under a statute of New York which imposed a certain liability upon stockholders in New York corporations. It was claimed that the liability created by the New York statute was in the nature of a penalty unenforceable outside New York. In the opinion overruling defendant's demurrer the court said:

"This decision [referring to decision of New York courts] is upon the precise point of the controversy in this case. It declares that the liability such as that which the plaintiffs in this action seek to enforce is one rising upon contract and is not in the nature of a penalty. This decision has never been modified or overruled by the Court of, Appeals of New York. We think this is the case where the construction, of the state court is entitled to weight, *if not conclusive weight, with us.* It is the settled construction of a law of the state upon which the rights and liabilities of a large number of its citizens must depend. ✳ ✳ ✳ If this were a case arising in the state of New York, we should therefore follow the construction put upon the statute by the courts of that state. The circumstance that the case comes here from the state of Florida should not leave the statute open to a different construction."

But, however inclined courts may be to follow the interpretation of such statutes by the courts of the state which has enacted the statute, their interpretation is not conclusive, and in Huntington v. Attrill, 146 U. S. 657, 13 Sup. Ct. 224, 36 L. Ed. 1123, the Supreme Court distinctly lays down the rule that the question of international law as to whether the action is to enforce a penalty or not "must be determined by the court, state or national, in which the suit is brought." "The test is not by what name the statute is called by the Legislature or by the courts of the state in which it was passed," but what it appears to the tribunal which is called upon to enforce it. I think, therefore, that the decisions of the courts of Maryland holding that the imposition of a tax imposes a contractual obligation are not binding upon the courts of this state, which must determine whether, in their view, the plaintiffs here are seeking to enforce a contractual obligation or to collect a penalty or impost imposed upon defendant and which is not of a contractual nature.

In Howarth v. Angle, 162 N. Y. 179, 56 N. E. 489, 47 L. R. A. 725, and other similar cases cited by plaintiffs, it was distinctly held by the courts of this state in each of said cases that the liability in those particular cases (which was a statutory liability created by the laws of another state) was in each case a contractual liability. The Court of Appeals, in Knickerbocker Trust Co. v. Iselin, 185 N. Y.

at page 59, 77 N. E. at page 879, 113 Am. St. Rep. 863, referring to the decision in the Howarth Case, say: "We simply enforced a promise valid at common law." That is, unless the imposition of a tax raises in this state a contractual liability, plaintiff cannot maintain his action. Whether a tax imposed creates a contractual liability or not was decided in City of Rochester v. Bloss, 185 N. Y. 42–47, 77 N. E. 794, 795 (6 L. R. A. [N. S.] 694). There the court said:

"The power to tax is wholly statutory. A tax roll is not a judgment roll, and a tax thereon does not partake of the nature of a judgment, except as to its validity and amount and the manner in which it can be proven. The authority for the tax and its binding effect upon the person taxed rests upon the authority given to the taxing officers by the Legislature. When the taxing officers have jurisdiction, their action cannot be attacked collaterally, and to that extent the tax is in the nature of a judgment. The tax, however, does not become a debt within the meaning of such word as commonly used. *Taxes do not rest upon contract, expressed or implied.* They are obligations imposed upon citizens to pay the expenses of government. They are forced contributions, and in no way dependent upon the will or contract, express or implied, of the person taxed."

The Appellate Division of this department has stated that a tax is an impost levied by authority, etc. "A tax is an impost levied by authority of government upon its citizens or subjects for the support of the state. It is not founded upon contract or agreement. It operates in invitum. Whereas a debt is a sum of money due by certain and express agreement." City of N. Y. v. McLean, 57 App. Div. 601–604, 68 N. Y. Supp. 606, opinion by Rumsey, J., affirmed 170 N. Y. 374, 63 N. E. 380. And the Court of Appeals, affirming, said that taxes are not contractual like debts, but are enforced contributions. The Supreme Court of the United States, in Wisconsin v. Pelican Ins. Co., 127 U. S. 265, 8 Sup. Ct. 1370, 32 L. Ed. 239, classes taxes with penalties, saying:

"The rule that the courts of no country execute the penal laws of another applies not only to prosecutions and sentences for crimes and misdemeanors, but to all suits in favor of the state for the recovery of pecuniary penalties for any violation of statutes *for the protection of its revenues* or other municipal laws and to all judgments for such penalties."

Judge Cooley, in his work on Taxation, says:

"The assessment of the tax, though it may definitely and conclusively establish a demand for the purposes of statutory collection, does not constitute a technical judgment, and the taxes are not contracts between party and party, either express or implied, but they are the positive acts of the government through its various agents, binding upon the inhabitants, and to the making and enforcing of which their personal consent individually is not required."

Nor are the courts of this state bound by any rule of comity to enforce the tax laws of Maryland. In Marshall v. Sherman, 148 N. Y. 9, 42 N. E. 419, 34 L. R. A. 757, 51 Am. St. Rep. 654, it is said that the doctrine of comity has many limitations, that it belongs exclusively to each sovereignty to determine for itself whether it can enforce a foreign law without at the same time neglecting its duty to its own citizens, and that in this state there are a number of foreign laws and statutes which have no force in this jurisdiction under the

doctrine of comity, and that "it has been held and is a principle universally recognized that the revenue laws of one country have no force in another." .

The demurrers must be sustained, with costs.