ROBERT H. THORBURN, Respondent, v. FIRST NATIONAL BANK OF PORT ARTHUR, TEXAS, as Administrator with the Will Annexed of the Estate of JOHN W. GATES, Deceased, et al., Appellants, Impleaded with Others.

*Parties — when foreign administrator with will annexed properly substituted in place of deceased executrix as party defendant to an action in the Supreme Court of this state involving property within this state.*

*Thorburn* v. *Gates*, 191 App. Div. 506, affirmed.

(Argued November 21, 1921; decided December 6, 1921.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 9, 1920, which reversed in part an order of Special Term and granted a motion by plaintiff substituting the administrators with the wills annexed of John W. Gates and Charles G. Gates, deceased, in place and stead of Dellora R. Gates, as executrix under the wills of said John W. and Charles G. Gates, deceased, said executrix having deceased.

The following questions were certified: " 1. Did the Supreme Court have jurisdiction of the subject-matter of

the action?   2. Did the said court obtain jurisdiction of the person of the foreign executor?   3. Upon the death of the foreign executor, has the court power to substitute the foreign administrator with the will annexed as a party defendant and allow the action to be continued against such administrator?   4. Could such substitution be completely effected by the procedure adopted by this court? ''

*A. L. Humes* and *Ben Leroy Stowell* for appellants.

*Robert H. Thorburn*, respondent, in person.

*Per Curiam.*   The Supreme Court obtained jurisdiction of the executrix in respect to the matters here involved by personal service of a summons upon her.   It also had jurisdiction of the subject of the action if the object thereof were the administration of property within the state of New York for the benefit of local creditors.

The court had jurisdiction of the administrator with the will annexed and the procedure adopted for bringing in such administrator was proper.   The judgment, if one be recovered by the plaintiff, will bind the foreign administrator only to the extent of its interest in the *res* in the state of New York which is the subject of the action.   For that purpose the administrator was properly substituted in the place of the executrix.   The order should be affirmed, with costs, and the questions certified each answered in the affirmative.

HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Order affirmed.