MOORE, Treasurer of Grant County, Ind., v. MITCHELL et al.

District Court, S. D. New York. June 13, 1928.

Russell H. Robbins, of New York City, for plaintiff.

Simpson, Thacher & Bartlett, of New York City (Louis Connick and W. N. Seymour, both of New York City, of counsel), for defendants.

KNOX, District Judge. ■ This suit is brought by plaintiff in his capacity as treasurer of Grant county, Ind., against the executors of Richard Edwards Breed, deceased, to recover certain taxes which it is said arose, and were incurred by the decedent, during his lifetime, and while he was a resident of that state. The executors are residents of New York, and were appointed by authority of the Surrogate's Court of New York county. The property in their possession consists of certain securities which were owned by Breed, but which never were physically within the state of Indiana. Under the law of New York, as declared by its Court of Appeals, a

claim of the character here made against defendants will not be enforced by the local courts. State of Colorado v. Harbeck, 232 N. Y. 71, 133 N. E. 357. Were this court to give judgment against the executors, they might find themselves in a highly embarrassing situation, if, after paying a judgment in favor of plaintiff, the court which appointed them should refuse to credit such payment upon the settlement of their accounts.

This possibility, in the absence of certainty that the plaintiff is entitled to maintain the present suit, would counsel hesitation before subjecting the executors to the peril to which reference has been made. In such event, I should be inclined to dismiss the complaint, and thus allow the propriety of the suit to be pronounced by an appellate court before permitting a judgment to go against the defendants.

■ There is, however, another consideration which strengthens my belief that the complaint should be dismissed. It is that plaintiff has not called attention to a single authoritative decision which, under circumstances such as are revealed by the present pleading, permitted the tax collecting officer of a political subdivision of one state, or the revenue authorities of such state, to go within the borders of another, and there collect taxes from property that never was within the jurisdiction where the assessment was made, or from persons who were nonresidents of the sovereignty which authorized the assessment. The inability of the plaintiff to point to some substantial authority in support of the proposition which he urged at the bar and in his brief is due, I think, to the fact, as declared by the state Court of Appeals in the Harbeck Case, that private international law "precludes one State from acting as a collector of taxes for a sister State and from enforcing its penal or revenue laws as such," it being "universally recognized that the revenue laws of one State have no force in another." See Wisconsin v. Pelican Insurance Co., 127 U. S. 265, 8 S. Ct. 1370, 32 L. Ed. 239, and New York Trust Co. v. Island Oil & Transport Corp. (C. C. A.) 11 F. (2d) 698.

■ As a result of what has been said, I do not conceive it to be the duty of this court, notwithstanding the weight of insistence to the contrary, to undertake the enforcement, within the state of New York, of the revenue laws of Indiana. The course of procedure to be followed by a federal court, when asked to apply the law of a foreign state in a manner that is not permitted by the law of the state within which the court functions, is outlined in Pennoyer v. Neff, 95 U. S. 714, 24 L. Ed. 565, and Parker v. Moore (C. C. A.) 115 F. 799.

Defendants' motion to dismiss the complaint will be granted.