MOORE, TREASURER OF GRANT COUNTY, INDIANA, *v.* MITCHELL, ET AL., EXECUTORS.

No. 79. Argued January 14, 1930.—Decided February 24, 1930.

*Mr. Henry M. Dowling,* with whom *Mr. Russell H. Robbins* was on the brief, for petitioner.

20

*Mr. Louis Connick,* with whom *Messrs. Graham Sumner, Whitney North Seymour* and *Francis H. Horan* were on the brief, for respondents.

MR. JUSTICE BUTLER delivered the opinion of the Court.

Petitioner is the county treasurer of Grant county, Indiana. Respondents are the executors named in the will of Richard Edwards Breed, appointed by the Surrogate's Court in the county and State of New York and there engaged in the administration of his estate. Petitioner as such treasurer brought this suit in the United States District Court for the Southern District of New York to recover $958,516.22 claimed as delinquent taxes. The respondents moved to dismiss on the grounds that the complaint failed to state a cause of action, that the court had no jurisdiction of the subject matter, and that petitioner had not legal capacity to sue. The court declined jurisdiction and entered a decree dismissing the complaint. 28 F. (2d) 997. The Circuit Court of Appeals affirmed. 30 F. (2d) 600.

From 1884 until his death on October 14, 1926, the testator was a resident and citizen of Grant county, Indi-

ana. During the last 24 years of that period he owned stock of corporations and other intangible property in respect of which there had been no return, assessment or payment of taxes. After testator's death the county auditor, acting, as it is alleged, under authority of the statutes of Indiana, ascertained the value in each year of the omitted property, assessed taxes thereon for state, county, city, and township purposes and charged the same against such property and the executors. By the statutes of Indiana (§ 14,299, Burns' Statutes, 1926,) it is made the duty of the treasurer of each county to collect the taxes imposed therein for county, city and other purposes. By § 1, c. 54, Session Laws of 1927, county treasurers are authorized " to institute and prosecute to final judgment and execution, all suits and proceedings necessary for the collection of delinquent taxes owing by any person residing outside of the State of Indiana or by his legal representatives . . . " The recovery here sought is for Grant county, the city of Marion and the other political subdivisions therein of which the testator was a resident during the years for which such assessments were made.

The first question for consideration is whether petitioner had authority to bring this suit.

The United States District Court in New York exercises a jurisdiction that is independent of and under a sovereignty that is different from that of Indiana. *Grant* v. *Leach & Company,* 280 U. S. 351. *Pennoyer* v. *Neff,* 95 U. S. 714, 732. And, so far as concerns petitioner's capacity to sue therein, that court is not to be distinguished from the courts of the State of New York. *Hale* v. *Allinson,* 188 U. S. 56, 68.

Petitioner claims only by virtue of his office. Indiana is powerless to give any force or effect beyond her own limits to the Act of 1927 purporting to authorize this suit

or to the other statutes empowering and prescribing the duties of its officers in respect of the levy and collection of taxes. And, as Indiana laws are the sole source of petitioner's authority, it follows that he had none in New York. Mechem, Public Offices and Officers, § 508. *State v. Scott,* 182 N. C. 865, 873. He is the mere arm of the State for the collection of taxes for some of its subdivisions and has no better standing to bring suits in courts outside Indiana than have executors, administrators, or chancery receivers without title, appointed under the laws and by the courts of that State. It is well understood that they are without authority, in their official capacity, to sue as of right in the federal courts in other States. From the earliest time, federal courts in one State have declined to take jurisdiction of suits by executors and administrators appointed in another State. *Dixon's Executors v. Ramsay's Executors,* 3 Cranch 319, 323. *Kerr v. Moon,* 9 Wheat. 565, 571. *Vaughan v. Northup,* 15 Pet. 1, 5. And since the decision of this Court in *Booth v. Clark,* 17 How. 322, it has been the practice in federal courts to limit such receivers to suits in the jurisdiction in which they are appointed. *Great Western Mining Co. v. Harris,* 198 U. S. 561, 578. *Converse v. Hamilton,* 224 U. S. 243, 257. *Sterrett v. Second National Bank,* 248 U. S. 73, 76. The reasons on which rests this long established practice in respect of executors, administrators and such receivers apply with full force here. We conclude that petitioner lacked legal capacity to sue.

It is not necessary to express any opinion upon the question considered below, whether a federal court in one State will enforce the revenue laws of another State.

*Decree affirmed.*