**BURROWES v. GOODMAN.**

No. 379.

Circuit Court of Appeals, Second Circuit.

May 18, 1931.

Herman C. Pollack, of New York City, for appellant.

Mackey & Marchisio, of New York City (Francis L. Driscoll and Richard J. Mackey, both of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

Summary judgment, on a motion therefor, was obtained against appellant, on a complaint alleging a personal liability as a stockholder of the First National Bank of Dunn, N. C., pursuant to the National Banking Law (sections 5151, 5234, Rev. Stat. [12 USCA §§ 63, 192]; section 1, c. 156, Act of June 30, 1876 [12 USCA § 191]; section 23, Federal Reserve Act [38 Stat. 251, 12 USCA § 64]). The appellee was appointed receiver pursuant to section 5234 of the Revised Statutes. The appellant is the executrix under the will of Harry Goodman by appointment of the register of wills of Philadelphia county, Pa. All the property of the estate is in Pennsylvania. Her testator owned ten shares of stock of the par value of $100. On December 31, 1928, the Comptroller of the Currency levied an assessment against the stockholders of the bank, payable February 7, 1929, and the amount of the assessment levied against the appellant's testator was $1,000.

The appellant, as executrix, appeared generally in the suit brought to recover this sum, and the court below held that jurisdiction of the appellant might be sustained. Appellant being a Pennsylvania executrix, by appointment, argues that she might be sued only in Pennsylvania. But the question is presented as to whether a foreign executrix, having entered a general appearance, may submit to the jurisdiction of a court outside the district where she has been appointed to administer the estate. There is no statute in New York authorizing suit by or against a foreign executor. Section 160 of the Decedent's Estate Law of New York (Consol.

Laws, c. 13) was repealed by chapter 660 of the Laws of 1926. In Lawrence v. Nelson, 143 U. S. 215, 12 S. Ct. 440, 36 L. Ed. 130, doubt was expressed as to the validity of an administrator's appearance. The judgment entered, however, was supported because later the administrator filed a bill of review under the local statute of Arkansas and a decree thereon was entered which confirmed the original decree. But that decision does not authorize a foreign executrix to consent to be sued. The same may be said of the appellee's other authority to which we are referred. Helme v. Buckelew, 229 N. Y. 363, 128 N. E. 216. A foreign executor filing a complaint for an accounting was held subject to a decree against him, as parties are held in such a proceeding. Lackner v. McKechney, 252 F. 403 (C. C. A. 7).

■ Ordinarily an executrix' office is conferred by the appointing judge and is limited to the confines of the domiciliary jurisdiction. To obtain standing in another jurisdiction, in another state, he must have the permission of the laws of that state. His recognition to title or assumption of obligation is by consent of the state or through ancillary letters. With no recognition accorded by New York state, appellant could not sue and she cannot force herself upon the court's jurisdiction. Moore v. Mitchell, 281 U. S. 18, 50 S. Ct. 175, 74 L. Ed. 673. In the Moore Case, an action was brought by a county treasurer of Indiana in the United States District Court of the Southern District of New York. The trial court dismissed the complaint [28 F.(2d) 997], which dismissal was affirmed by this court [30 F.(2d) 600, 65 A. L. R. 1354], and on appeal to the Supreme Court it was held that, so far as a county treasurer's capacity to sue goes, the District Court is indistinguishable from the New York courts. "He * * * has no better standing to bring suits in courts outside Indiana than have executors, administrators, or chancery receivers without title, appointed under the laws and by the courts of that state. It is well understood that they are without authority, in their official capacity, to sue as of right in the federal courts of other states. From the earliest times, federal courts in one state have declined to take jurisdiction of suits by executors and administrators appointed in another state." In McMaster v. Gould, 240 N. Y.

379, 148 N. E. 556, 558, 40 A. L. R. 792, it was held that the power to grant an order of continuance without the executor's consent could not be sustained. Speaking of section 160 of the Decedent's Estate Laws as amended, the court said it gave such power, but it was unconstitutional, saying: "Regarding the foreign executor as a trustee rather than as an owner; even his presence in the state as an individual does not imply his presence as executor unless assets in the state or other trust duties to be performed here makes his presence an incident of his fiduciary capacity, and he must be present in the state as executor before judgment in personam can be entered against him." In an action by a resident creditor to have assets in New York state administered and applied to the satisfaction of his debts, where the foreign executrix was made a party and on her death the administrator with the will annexed, the state court in New York said that the judgment recovered "will bind the foreign administrator only to the extent of its interest in the res in the state of New York, which is the subject of the action." Thorburn v. First Nat. Bank of Port Arthur, Texas, 232 N. Y. 544, 545, 134 N. E. 565. In the absence of property of the estate within the court's jurisdiction, such a judgment may not be rendered. Helme v. Buckelew, 229 N. Y. 363, 128 N. E. 216; Jefferson v. Beall, 117 Ala. 436, 23 So. 44, 67 Am. St. Rep. 177; Greer v. Ferguson, 56 Ark. 324, 19 S. W. 966; Gordon v. Estate of Simonton, 10 Fla. 179; Judy v. Kelley, 11 Ill. 211, 50 Am. Dec. 455; Elting v. First Nat. Bank, 173 Ill. 368, 50 N. E. 1095; Rentschler v. Jamison, 6 Mo. App. 135; Braithwaite v. Harvey, 14 Mont. 208, 36 P. 38, 27 L. R. A. 101, 43 Am. St. Rep. 625; Flandrow v. Hammond, 13 App. Div. 325, 43 N. Y. S. 143. Restatement of conflict of law, § 580: "The appearance of a foreign administrator * * * does not render the judgment binding against him in his representative capacity, or provable against the estate of which he is administrator."

■ The only way a foreign executor can be present is by the granting of ancillary letters. Since the court below did not have jurisdiction of the appellant, it was error to grant summary judgment.

Judgment reversed.