## In re BANKSHARES CORPORATION OF THE UNITED STATES.

### No. 360.

Circuit Court of Appeals, Second Circuit.
June 1, 1931.

Falk & Orleans, of New York City (Ilo Orleans and Arnold Dumey, both of New York City, of counsel), for appellant.

Javits & Javits, of New York City, and McCarter & English, of Newark, N. J. (J. K. Javits, of New York City, of counsel), for Irving Trust Co., trustee in bankruptcy.

Before MANTON, SWAN, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The Bankshares Corporation of the United States, a New Jersey corporation, carried on business and had property within the jurisdiction of the District Court for the Southern District of New York. On May 12, 1930, the Chancery Court of New Jersey appointed Samuel I. Kessler receiver of that corporation. An involuntary petition in bankruptcy was filed by three creditors, to which consent was given by the directors through their attorney, in the Southern district of New York, on the 6th of June, 1930, and a receiver in bankruptcy was appointed. The consent given by the attorney for the bankrupt, acting under a resolution of the board of directors of the bankrupt certified by its secretary, admitted its inability to pay its debts and its willingness to be adjudged a bankrupt.

The chancery receiver, in a petition to intervene, challenges the authority and right of the board of directors to give this consent after the Chancery Court in New Jersey has acted. The decree entered in the Chancery Court in New Jersey provided:

"Ordered, adjudged and decreed that the business of the Bankshares Corporation of the United States has been and is being conducted at a great loss and greatly prejudicial to the interests of its creditors and stockholders, so that its business cannot be conducted with safety to the public and advantage to the stockholders, and that an injunction issue against the defendant corporation, according to the bill of complaint, and that the said Bankshares Corporation of the United States, its officers, servants and agents absolutely desist and refrain and they are hereby enjoined and restrained from exercising any of its priviliges or franchises, and from collecting or receiving any debts, or paying out, selling, assigning or transferring any of its estate, moneys, funds, lands, tenements, or effects except to a Receiver appointed by this Court. * * *"

A receiver may be appointed for a solvent corporation, under the New Jersey statute, and the order appointing such receiver there recited "that the business of the Bankshares Corporation of the United States has been and is being conducted at a great loss and greatly prejudicial to the interests of its creditors and stockholders, so that its business cannot be conducted with safety to the public and advantage to the stockholders."

General Corporation Act of New Jersey (Laws 1896, c. 185, p. 298) § 66, and section 65 as amended by Laws 1912, c. 300, p. 535, § 1 (Comp. St. Supp. N. J. § 47—65), provide for the appointment of a receiver, the powers of such receiver, and the issuance of an injunction against the corporation enjoining its officers, servants, or agents from carrying on the business authorized by the corporation to be carried on or from collecting or receiving any debts, or paying out, transferring, or selling its property.

Assuming the position that the receiver is the corporation, the appellant argues that the receiver alone may consent to the adjudication in bankruptcy, and that he alone may contest, in behalf of the corporation, the issue of insolvency which he wishes to have presented to the District Court for the Southern District of New York. He maintains that the board of directors had no authority to meet and give consent to the adjudication and refers us to the following authorities: Cavagnaro v. Indian Tire & Rubber Co., 90 N. J. Eq. 532, 107 A. 643, In re Gold Run Mining & Tunnel Co., 200 F. 162 (D. C., Colo.), and Matter of Hudson River Electric Power Co. (D. C.) 173 F. 934.

The New Jersey receiver as such has no standing to intervene in the District Court for the Southern District of New York. Moore v. Mitchell, 281 U. S. 18, 50 S. Ct. 175, 74 L. Ed. 673; Burrowes v. Goodman (C. C. A. 2) 50 F.(2d) 92, decided May 18, 1931. The injunction issued against the board of directors by the New Jersey Chancery Court does not extend beyond the jurisdiction of that court. The corporation had its principal place of business within the Southern district of New York, and the directors met there and passed a resolution authorizing its attorney to consent to the adjudication in bankruptcy. See Bonnifield v. Thorp (D. C. Alaska) 71 F. 924. The Bankruptcy Act is paramount. In re Watts & Sachs, 190 U. S. 1, 23 S. Ct. 718, 47 L. Ed. 933. The New Jersey act is not in conflict with the provisions of the Bankruptcy Act. There is no provision of the Bankruptcy Act which exempts a New Jersey corporation from an adjudication thereunder merely because of insolvency proceedings resulting in a receivership, pending in the state of its creation. No state enactment may limit the jurisdiction of the bankruptcy court. International Shoe Co. v. Pinkus, 278 U. S. 261, 49 S. Ct. 108, 73 L. Ed. 318. By section 68 of the New Jersey Corporation Law (Laws 1896, c. 185, p. 299, § 68 [2 Comp. St. N. J. 1910, p. 1644, § 68]), all the property of an insolvent corporation, wherever situated, vests in the receiver upon appointment, and the corporation is divested of title thereto. But nothing therein contained can extend beyond the territorial limits of the state of New Jersey. We think that Vice Chancellor Lane in Cavagnaro v. Indian Tire & Rubber Co., supra, recognized this limitation. See Shachat v. Standard Auto Supply Co., 106 N. J. Eq. 105, 150 A. 183; Singer v. Nat. Bedstead Mfg. Co., 65 N. J. Eq. 290, 55 A. 868. As stated by Van Syckel, J., in Reynolds v. Stockton, 43 N. J. Eq. 211, 215, 10 A. 385, 386, 3 Am. St. Rep. 305: "The receiver had no power to transfer to a foreign jurisdiction any question touching the appropriation and distribution of such assets. He could not thus deprive the court which appointed him of its authority over him, and over the fund which he held as its officer." Affirmed 140 U. S. 254, 11 S. Ct. 773, 35 L. Ed. 464.

But it is argued that the receiver occupies a dual capacity—as receiver and as representative of the corporation. He receives his authority to represent the corporation only by virtue of his appointment. The

territory in which he may act as such representative is necessarily limited to the jurisdiction of the court appointing him. The appointment of a receiver under the New Jersey act does not dissolve the corporation. Second Nat. Bank of Patterson v. New York Silk Mfg. Co., 11 F. 532 (C. C. N. J.); Barthen v. Lodi Corporations, 94 N. J. Eq. 177, 119 A. 189. Any act done by the board of directors beyond the jurisdiction of the Chancery Court of New Jersey is not a nullity. Standard Roller Bearing Co. v. Hess-Bright Mfg. Co., 264 F. 516 (D. C. Del.), affirmed 275 F. 916 (C. C. A. 3). In Struthers Furnace Co. v. Grant, 30 F.(2d) 576 (C. C. A. 6), the state court receiver sought to intervene for the purpose of vacating an adjudication in bankruptcy, and advanced the claim that the corporation had consented in the state receivership to bar itself from entering into a voluntary bankruptcy petition under section 4a of the Bankruptcy Act, 11 USCA § 22 (a). But this contention was overruled. In that case, the Ohio state statute for the appointment of a state receiver vested all the property of the corporation with such receiver, and the receiver was no mere custodian, but had full power to act for the corporation. Throckmorton's Ohio Code (1926), § 11945, Rev. St. § 5658; section 11897, Rev. St. 5590. A bankruptcy petition will supplant a state court receiver on application therefor. In re Dressler Producing Corp., 262 F. 257 (C. C. A. 2). The authorities appellant relies on, referred to above, are not inconsistent with these views.

The chancery receiver has no standing to intervene, either as such receiver or upon the basis of representative of the corporation under the New Jersey statute.

The order is affirmed.