**WALKER et al. v. L. MAXCY, Inc.**
No. 9003.

Circuit Court of Appeals, Fifth Circuit.
March 28, 1939.

Rehearing Denied April 21, 1939.

cumbrances. Appellee and Florida National Bank, one of the appellants, were cited as lienors, and both appeared claiming first liens. The referee found that appellee was entitled to a lien to secure payment of $24,317.19, but was not entitled to a lien to secure the balance of $36,642.75, and that appellant, Florida National Bank, was entitled to a subordinate lien to secure its claim in the amount of $15,128.82. Appellee, the bank, and the trustee each excepted to the findings of the referee and petitioned the district court for review. On review, the court reversed the holding of the referee and awarded appellee a lien to secure the full amount of its claim, or $60,959.94. A second lien was awarded to the bank to secure its claim. From this judgment, both the trustee and the Florida National Bank prosecute this appeal.

In July, 1930, the bankrupt, Lake Nursery Company, was in failing circumstances. Judgments, which it had no funds to pay, had been rendered against it; taxes in arrears had accumulated for several years; and mortgages against its property were in default. One mortgagee had given notice that it would institute a foreclosure suit at once. Meetings of the bankrupt's creditors were held to see if the corporation could be saved and the security for its debts preserved. At these meetings, it appeared that there was value in the property in excess of the total indebtedness, but that foreclosure or liquidation would be contrary to the best interests of creditors. It appeared that the corporation had an unliquidated claim against one judgment creditor, but was without funds to enjoin enforcement of the judgment or to litigate its claim. An appeal was made to appellee to furnish bond for the injunction and funds for litigation, as well as for the operation and preservation of the property. As a result of these negotiations, an agreement was entered into whereby the mortgagee threatening foreclosure instituted its foreclosure suit and a receiver was appointed. The receiver immediately entered into a contract with appellee for the operation of the property, the litigation of claims, and the payment of outstanding liens. Appellee was given a first lien for expenses and advances; the contract was to continue for one year, after which an accounting and settlement was to be had with the receiver.

Another contract was entered into between the bankrupt and appellee whereby

C. P. Dickinson and Claude L. Gray, both of Orlando, Fla., and J. W. Harrell, of Jacksonville, Fla., for appellants.

O. K. Reaves, of Tampa, Fla., and H. M. Hampton, of Ocala, Fla., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a decree of the district court, reversing an order of the referee in bankruptcy entered on the petition of the trustee for a marshalling of liens and a sale of property free of en-

it was agreed that the operations should be continued after the expiration of the first contract, with like provision as to liens for expenses and advances. It does not appear that appellant, Florida National Bank, participated in the negotiations, but it does appear that it was notified thereof shortly after the execution of the contracts and was kept informed as to what was being done. While the operations were in progress, the bank reduced its claim to judgment, and in September, 1935, caused an execution to be issued thereon. Bankruptcy proceedings followed, and appellant, Walker, was appointed trustee.

In March, 1936, the trustee filed his bill alleging fraudulent conduct on the part of appellee in the operations. He sought an accounting under the two contracts and to offset certain claims for damages. On appeal to this court, the claims of the trustee as to fraud and damages were denied, and the amount of appellee's claim was established. Florida Fruit Canners v. Walker, 5 Cir., 90 F.2d 753, certiorari denied, 302 U.S. 738, 58 S.Ct. 140, 82 L.Ed. 570.

Both appellants attack the claim of appellee on the ground of fraud in the execution of the contracts, in that the receivership was not a true adversary proceeding, but was instituted to delay creditors. They assert that the corporation could not execute a valid contract while the receivership was pending, and that the entire transaction was a fraud upon creditors.

■ Our examination of the evidence introduced upon the hearing reveals nothing upon which a finding of actual fraud on the part of appellee could be sustained. At the time the contracts were entered into, appellee had no interest in the property or affairs of the bankrupt. It naturally made the best bargain it could and took precaution to protect its interests. The mortgagee instituting the receivership proceedings in the state court was in a position to precipitate a liquidation of the estate at any time. The fact that it did not do so, but surrendered its power to be used in securing the appointment of a friendly receiver to execute the first contract, thereby foregoing its rights for one year, operated for the benefit of all other creditors, both secured and unsecured. By the arrangement thus made, appellee's resources were used in an effort to salvage the property for the benefit of creditors. The only creditors who could have been

delayed were the other secured creditors; but the contract provided for the payment of their claims, and they have been paid.

■ Neither was the second contract ultra vires and void. The appointment of a receiver to take over mortgaged property is a proceeding in rem, and draws to the court complete control of the property. The corporate existence of the mortgagor is no more extinguished than if it were an individual; and it may deal with the equity, or value of the property over and above the debts to be paid, to the same extent that it could deal with property not covered by the mortgage or subjected to the jurisdiction of the court. This principle is not in conflict with the authorities relied upon by appellants in which a distinction is drawn between general and special receiverships. While it is usually true that the appointment of a receiver to take over all the assets of a corporation is general in its nature, it is the quality of the rights therein, rather than the quantum of property seized, which determines the extent of divestiture and the power and authority remaining in the corporate officers and stockholders. Camp v. First National Bank, 44 Fla. 497, 33 So. 241, 103 Am.St. Rep. 173; Atlas Railway Supply Co. v. Lake and River Railway Co., C.C., 134 F. 503; Re Dressler Producing Corp., 2 Cir., 262 F. 257; Standard Roller Bearing Co. v. Hess-Bright Mfg. Co., 3 Cir., 275 F. 916; Re Bankshares Corp., 2 Cir., 50 F.2d 94.

■ Moreover, when the trustee pursued his remedy under the contracts to obtain an accounting and recover damages for breach thereof and for mismanagement, he elected to treat the contracts as valid and binding. Having invoked the jurisdiction of the court in aid of the enforcement of the contracts, he cannot now render futile the decree entered in the plenary suit and repudiate his election to affirm. Weeke v. Reeve, 65 Fla. 374, 61 So. 749; Brooks v. Laurent, 5 Cir., 98 F. 647.

■ As to the Florida National Bank, it clearly appears that it was notified of the contracts in August, 1930. Being advised of the course of the operations, it made no objections and took no steps to terminate them. It appears to have elected to take its chances on the success of the operations by appellee, spending no money of its own, but being in a position to profit if the operations were successful. The ap-

pellee expended in excess of $50,000 of its own funds. No offer is made to do equity or to restore the status of the parties, nor does it appear that the original status can be restored at this time. Under these circumstances, the bank is estopped to deny the validity of the contracts or the liens therein granted. Oxford Lake Line v. First National Bank, 40 Fla. 349, 24 So. 480; Pryor v. Oak Ridge Development Corp., 97 Fla. 1085, 119 So. 326; Florida Land I. Co. v. Williams, 98 Fla. 1258, 116 So. 642; Commercial Credit Co. v. Parker, 101 Fla. 928, 132 So. 640; McMan Oil Co. v. Hurley, 5 Cir., 24 F.2d 776.

The judgment of the district court is affirmed.