## State of Ohio v. Flower et al.

*Martin E. Cusick* and *Herbert L. Kerr*, for plaintiff.
*Fruit & Francis*, for defendants.

ROWLEY, P. J., January 24, 1947.—This matter is before the court upon an affidavit of defense raising questions of law.

Plaintiff brought the instant action to recover a tax assessed against defendants upon the sale in the State of Ohio of certain building materials.

Defendants filed an affidavit of defense challenging plaintiff's right to maintain an action in the courts of Pennsylvania to recover a tax imposed by the statutes of the State of Ohio.

Defendants contend "The taxing statutes of one State will not be enforced by the courts of another State".

In A. L. I. Restatement of Conflict of Laws, §610, it is declared:

"No action can be maintained on a right created by the law of a foreign state as a method of furthering its own governmental interests."

Comment (*c*)

"No action can be maintained by a foreign state to enforce its license or revenue laws, or claims for taxes."

"Illustration:

"2. By the law of state X, a license fee of $5 is due from every person who builds a house. A, domiciled in state Y, builds a house in X. X sues A in Y for the license fee. The suit will be dismissed."

The limitation is grounded upon the likelihood that such a proceeding may require one State to examine and possibly disapprove the provisions of laws enacted by a sister State. Criticism or disapproval by one State of the laws of another State tends to embarrass both States. The mischief to be apprehended is grave.

It may be that inclusion of revenue and tax laws within the inhibition was an overextension of the principle involved; nevertheless, the few cases that have ruled the point declare taxing statutes within the inhibition.

In Milwaukee County v. White Co., 296 U. S. 268, 275, the Supreme Court of the United States declared:

"Whether one state must enforce the revenue laws of another remains an open question in this court."

The seeming reluctance of the Federal Supreme Court to declare the policy to be observed by the States, is understandable.

The court, however, there affirmed the proceeding by Milwaukee County to enforce in the District Court of Northern Illinois a judgment for taxes recovered in the court of Wisconsin.

We think the distinction between recognizing an unliquidated claim and adopting a judgment is too apparent to require extended discussion. In a suit upon an unliquidated claim, the court is privileged to inquire fully into the character and merits of the claim, whereas in a proceeding to enforce a judgment the court may not go back of the judgment. The Constitution of the United States in article IV, sec. 1, provides:

"Full faith and credit shall be given in each State to the public Acts, Records and Judicial Proceedings of every other State."

The only Pennsylvania decision we have found on the point is County Treasurer of Hamilton County, Ohio, v. Hartzell (No. 2), 61 Mont. 329, 55 D. & C. 100. This

case adopted the principle declared in A. L. I. Restatement of Conflict Laws, §610. The opinion declares that the conclusion that a suit for taxes imposed by a State statute will not be entertained outside the taxing State (such a statute not being entitled to full faith and credit) is supported by Moore v. Mitchell, 30 F.(2d) 600 (affirmed on another ground, 281 U. S. 18) ; Matter of Anita Bliss, 121 Misc. Rep. 773, 202 N. Y. S. 185; Matter of Martin, 136 Misc. Rep. 51, 240 N. Y. S. 393; State of Maryland v. Turner, 75 Misc. Rep. 9, 132 N. Y. S. 173.

Denying the principle is Holshouser v. Copper Co., 138 N. C. 248, 50 S. E. 650.

In Moore v. Mitchell, supra, Judge Hand said (p. 604) :

"While the origin of the exception in the case of penal liabilities does not appear in the books, a sound basis for it exists, in my judgment, which includes liabilities for taxes as well. Even in the case of ordinary municipal liabilities, a court will not recognize those arising in a foreign state, if they run counter to the 'settled public policy' of its own. Thus a scrutiny of the liability is necessarily always in reserve, and the possibility that it will be found not to accord with the policy of the domestic state. This is not a troublesome or delicate enquiry when the question arises between private persons, but it takes on quite another face when it concerns the relations between the foreign state and its own citizens or even those who may be temporarily within its borders. To pass upon the provisions for the public order of another state is, or at any rate should be, beyond the powers of a court; it involves the relations between the states themselves, with which courts are incompetent to deal, and which are intrusted to other authorities. It may commit the domestic state to a position which would seriously embarrass its neighbor. Revenue laws fall within the same reasoning; they affect a state in matters as vital

to its existence as its criminal laws. No court ought to undertake an enquiry which it cannot prosecute without determining whether those laws are consonant with its own notions of what is proper."

Upon the basis of the foregoing authorities, we are constrained to sustain the statutory demurrer in the instant case.

Section 20 of the Practice Act of May 14, 1915, P. L. 483, 12 PS §471, provides that upon an affidavit of defense raising questions of law, "If in the opinion of the court the decision of such question of law disposes of the whole or any part of the claim, the court may enter judgment for the defendant."

On a demurrer to plaintiff's statement of claim, the question before the court is not solely whether, under the facts as stated, plaintiff can recover, but whether the claim as stated excludes the possibility of recovery under a better statement of facts: Adler v. Helsel, 344 Pa. 386.

When a demurrer to a statement of claim is sustained, the court must give plaintiff an opportunity to amend unless it is clear the error cannot be cured: United Societies of Greek Catholic Church v. Klochak, 340 Pa. 159.

Judgment for defendant on a statutory demurrer is justified only when the decision of such question of law disposes of the whole or any part of the claim: Euster v. Standard Acct. Ins. Co., 139 Pa. Superior Ct. 6.

Judgment for defendant may be entered only in the clearest cases and all facts and inferences in the statement of claim must be accepted as true: Troop v. Franklin Savings & Trust Co., 291 Pa. 18; Jamestown Iron & Metal Co. v. Knofsky et al., 291 Pa. 60; Moran v. Bair, 304 Pa. 471.

Being convinced that decision of the question raised by the statutory demurrer disposes of the whole of plaintiff's claim, we enter the following

## Order

And now, January 24, 1947, it is ordered, adjudged and decreed that judgment be entered in favor of Charles S. Flower and Peoples Coal and Builders Supply Company, defendants, and against the State of Ohio, plaintiff.