Detroit et al., Appellants, *v.* Girard Packing Co.

Argued October 13, 1947. Before RHODES, P. J., HIRT, DITHRICH, ROSS, ARNOLD and FINE, JJ. (RENO, J., absent).

*Leonard B. Rosenthal* and *Abraham C. Wernick,* for appellants.

*David S. Malis,* with him *Richard B. Malis,* for appellee.

OPINION BY DITHRICH, J., January 8, 1948:

The sole question for our determination on this appeal from an order of the court below sustaining preliminary objections to plaintiffs' complaint in an action of assumpsit is whether or not plaintiffs had capacity to sue in the courts of this Commonwealth.

The suit is based on a claim of the City of Detroit, Michigan, for a personal property tax assessed against defendant, a Pennsylvania corporation. The tax is based on the admitted ownership of certain goods stored in a warehouse in Detroit in the year 1945. The suit was brought in the name of the City of Detroit by Albert E.

Cobo, City Treasurer. The complaint sets forth, inter alia, that section 26 of Chapter IV of Title VI of the Charter of the City of Detroit provides in part as follows: "The city treasurer shall have power in the name of the City to prosecute any person or corporation refusing or neglecting to pay such taxes or any special assessment by a suit in the circuit court for the County of Wayne . . ." The preliminary objections were sustained on the ground that the Charter of the City of Detroit, the only authority relied on by plaintiffs, limits the authority and capacity of the city treasurer to institute suits for collection of taxes to the Circuit Court for the County of Wayne, Michigan.

Under the authority of *Moore v. Mitchell,* 281 U. S. 18, 50 S. Ct. 175, 74 L. ed. 673, the order must be affirmed. In that case it was held that the county treasurer of Grant County, Indiana, lacked legal capacity to bring suit in the State of New York for the recovery of delinquent taxes. The court said, page 24:

"He is the mere arm of the State for the collection of taxes for some of its subdivisions and has no better standing to bring suits in courts outside Indiana than have executors, administrators, or chancery receivers without title, appointed under the laws and by the courts of that State. It is well understood that they are without authority, in their official capacity, to sue as of right in the federal courts in other States. . . . The reasons on which rests this long established practice in respect of executors, administrators and such receivers apply with full force here. We conclude that petitioner lacked legal capacity to sue.

"It is not necessary to express any opinion upon the question considered below, whether a federal court in one State will enforce the revenue laws of another State."

Therefore, in the language of the U. S. Supreme Court in *Milwaukee County v. M. E. White Co.,* 296 U. S. 268, 275, 56 S. Ct. 229, 80 L. ed. 220, "Whether one state must enforce the revenue laws of another remains an

open question in this Court. See Moore v. Mitchell, 281 U. S. 18, 24." It is important to bear in mind that this suit was not brought upon a judgment obtained in a sister state, but merely upon a tax claim.

The order sustaining preliminary objections is affirmed.