**FISTEL et al. v. BEAVER TRUST CO. et al.**

United States District Court
S. D. New York.

Dec. 1, 1950.

Morris J. Levy, New York City, for plaintiff.

Boyle, Feller, Stone & McGivern, New York City, Beaver Trust & Stone, appearing specially (Lauson H. Stone, New York City, Harold F. Reed, Beaver, Pa., and Henry C. Moses, Jr., New York City, of counsel), for defendants.

RYAN, Judge.

Defendants move pursuant to Rule 12(b) (2) and (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A., to dismiss the complaint for lack of jurisdiction over the person of the defendants and for failure to state a claim.

Defendant executors contend that they cannot be sued in the District Court of New York, as executors, because they do not exist here in that status and are immune from suit. Plaintiff urges that they were duly served with process and that this court has jurisdiction over the person of defendants as executors by virtue of Section 27 of the Securities Exchange Act, 15 U.S.C.A. § 78aa.

Plaintiff, suing as stockholder on behalf of Follansbee Steel Corporation, alleges two violations of Section 16(b) of the Securities and Exchange Act of 1934, 15 U.S. C.A. § 78p(b) which prohibits the short-swing purchase and sale or sale and purchase, within a six-month period, of securities in a corporation by one of its officials. One violation is charged to Lauson Stone, the deceased, a former director of the corporation, and the other, to Lauson Stone and the First Boston Corporation, the brokerage firm which handled the transaction. The alleged purchase and sale of the stock took place respectively on June 19, 1948 and July 31, 1948. Lauson Stone died on October 13, 1948, and on October 18, defendants, Beaver Trust Company and Helen Stone were duly qualified as executors in the Orphans Court of Beaver County, Pennsylvania. Pursuant to Section 16(b), the plaintiff notified defendant corporation, on May 15, 1950, of these alleged infractions and requested it to commence an action to recover damages for the wrongful profits derived from such sales by the estate of Stone. The corporation refused to sue.

The plaintiff filed his complaint on June 23, 1950 and the summons was served on

the defendant corporation in Pittsburgh, Penna. Both defendant executors appear on this motion.

An executor receives his authority from the will and this authority is authenticated by the court's issuance of letters testamentary. Dodd v. Anderson, 197 N.Y. 466, 90 N.E. 1137, 27 L.R.A.,N.S., 336. The State of New York recognizes a foreign executor only insofar as to allow suit against him effective against any property held by him here in his capacity as such. The situs of the assets is the basis for jurisdiction, and the executor is found to be here to administer his trust only with respect to those assets which are here. McMaster v. Gould, 240 N.Y. 379, 148 N.E. 556, 40 A.L.R. 792; Helme v. Buckelew, 229 N.Y. 363, 128 N.E. 216; Burrowes v. Goodman, 2 Cir., 50 F.2d 92, 77 A.L.R. 249, certiorari denied 284 U.S. 650, 52 S.Ct. 30, 76 L.Ed. 551. An executor has a status in the state where he qualified, but none in a foreign state unless there are assets present or he is there in his capacity as executor. There are exceptions to this rule, but they are clearly distinguishable from the case here. For example, a suit by a foreign executor is permitted in New York on a cause of action for wrongful death when the statute giving rise to the action constitutes the executor a statutory trustee. Baldwin v. Powell, 294 N.Y. 130, 61 N.E.2d 412; Wiener v. Specific Pharmaceuticals, Inc., 298 N.Y. 346, 83 N.E.2d 673; Janes v. Sackman Bros. Co., 2 Cir., 1949, 177 F.2d 928. But there is no claim here that defendants are statutory trustees, and unless they are here in their executorial capacity they have no standing. McMaster v. Gould, supra; Moore v. Mitchell, 281 U.S. 18, 50 S.Ct. 175, 74 L.Ed. 673. Defendants qualified in Pennsylvania; there are no assets of the estate here, nor have they qualified here by obtaining letters ancillary. In their capacity as executors, defendants were never served personally in New York and there is no jurisdictional basis for awarding a personal judgment against them.

That portion of Section 27 of the Act upon which plaintiff relies to sustain jurisdiction over the person of defendants, was not intended to increase the scope of the court's jurisdiction over foreign executors, but was meant to do away with limitations on venue, and also to allow service of process where a defendant could be found. The validity of service on foreign executors is not governed or extended thereby. Cf., Burrowes v. Goodman, supra; Thorburn v. Gates, D.C., 225 F. 613.

We are here concerned with jurisdiction over the person, i.e., valid service on an existing party. The action cannot be transferred to Pennsylvania, as plaintiff requests, because this court has no jurisdiction over the defendant executors. Henderson v. Shell Oil Co., 8 Cir., 173 F.2d 840.

Since this court does not have jurisdiction over the person of defendants, it is unnecessary to decide whether a cause of action is stated. Motion granted; complaint dismissed.