# Commonwealth v. Shafer

*Albert D. Stuart*, Assistant Attorney General, *John M. Bennett*, Assistant Attorney General, *Walter E. Alessandroni*, Attorney General, *Harry L. Lentchner*, Special Assistant Attorney General, for Commonwealth.

*Vincent M. Casey* and *Margiotti & Casey*, for garnishee.

McKENNA, J., July 25, 1965.—American Beauty Carpet Co., garnishee above named, has filed preliminary objections to the claim made in this proceeding.

On October 30, 1963, the Commonwealth filed a lien against defendant, Marcus Shafer, of 6626 Forest Glen Road, Pittsburgh 27, Pa., at the above number and term. This was filed pursuant to the provision of section 548 of the Selective Sales and Use Tax Act of March 6, 1956, P. L. (1955) 1228, as amended, 72 PS §3403-548, reading as follows:

"(a) Lien Imposed. If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, addition or penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the Commonwealth upon the property, both real and personal, of such person but only after same has been entered and docketed of record by the prothonotary of the county where such is situated."

The lien covers unpaid sales taxes which with penalties and interest amount to $41,301.15. On January 10, 1965, the State issued execution and directed the sheriff to attach "wages, salary or commissions due and payable by American Beauty Carpet Co., garnishee, to defendant, Marcus Shafer".

On June 29, 1965, garnishee filed preliminary objections to the claim on the ground that the property sought to be attached constitutes wages or salary of defendant, and such assets are exempt from execution by the provisions of the Act of April 15, 1845, P. L. 459, sec. 5, 42 PS §866. This section reads as follows:

"If the garnishee in his answers admits that there is in his possession or control property of the defendant liable under said act to attachment, then said magistrate may enter judgment specially, to be levied out of the effects in the hands of the garnishee, or so much of the same as may be necessary to pay the debt and costs; Provided, however, That the wages of any laborers, or the salary of any person in public or private employment, shall not be liable to attachment in the hands of the employer."

The Commonwealth raises two points: One, that the aforesaid section does not apply to the collection of taxes, and, two, the State is not specifically mentioned in the act of assembly and, accordingly, it is not bound by its terms. We find in favor of the State on point one, and, accordingly, it will not be necessary to discuss the second principle stated by plaintiff.

Our conclusion that wages are not exempt from attachment for satisfaction of tax claims is based on the decision in Dole v. Philadelphia, 337 Pa. 375 (1940). In that case, the Supreme Court upheld the validity of a city tax on earned income. The ordinance imposing the tax authorized the employer to deduct the tax from wages due his employes. Plaintiff Dole asserted that the ordinance was invalid because the

deduction at source is equivalent to an attachment of wages which is prohibited by section 5 of the Act of April 15, 1845, P. L. 459. This is quoted above. President Judge Oliver of the lower court decided in favor of the city and his opinion was adopted by the Supreme Court. He said (page 384) :

"But that act sets up a system of attachment for debts and applies to debts only and not to taxes. 'As the obligation to pay taxes does not rest upon any contract express or implied, or upon the consent of the taxpayer, a tax is not a debt in the ordinary sense of the word.' 61 C. J. 70, Taxation, Section 4, Notes 39 and 40. Moore v. Mitchell, 30 Fed. 2d 600, affirmed in 281 U. S. 18."

This disposes of our question. The preliminary objections will be dismissed.

### ORDER

Now, July 15, 1965, on consideration of preliminary objections filed herein, after argument, it is ordered and decreed that the same be and they are hereby dismissed.

Defendant shall have 20 days in which to file an answer. Eo die, exception noted and bill sealed.