## TEXAS ET AL. *v.* DONOGHUE, TRUSTEE.

No. 28. Argued November 10, 1937.—Decided December 6, 1937.

*Messrs. William C. Davis* and *W. J. Holt,* Assistant Attorneys General of Texas, with whom *Messrs. William McCraw,* Attorney General of Texas, *Charles M.*

---

*Kennedy, Earl Street,* and *Wm. Madden Hill,* Assistant Attorneys General of Texas, were on the brief, for petitioners.

*Messrs. William B. Harrell* and *Robert W. Kellough* for respondent.

Mr. Justice Butler delivered the opinion of the Court.

This writ is limited to the questions raised on the application of Texas to the United States court for the northern district of that State in a proceeding under § 77B of the Bankruptcy Act [1] for permission to institute proceedings in a state court for the confiscation of oil held by the trustee but claimed by the State as "unlawful oil" because produced or transported in violation of state conservation measures.

Texas statutes [2] and orders of its Railroad Commission purport to prorate production of crude oil, to prohibit purchase, transportation or handling of that produced in whole or in part in excess of the amount allowed,[3] to impose fines and penalties for violations,[4] and to make oil produced or transported in violation of statute or order subject to confiscation in an action brought by the State for that purpose.[5] The statute declares that if at the

---

[1] 11 U. S. C., § 207.

[2] Texas Revised Civil Statutes, 1925, Title 102.

[3] Art. 6049e, § 10.

[4] Art. 6036.

[5] Art. 6066 (a), § 10:

(a) "All unlawful oil . . . [is] hereby declared to be a nuisance and shall be forfeited to the State as hereinafter provided. . . .

(b) "When the Attorney General is advised from any source of the presence and existence of unlawful oil . . . it shall be his duty to institute a suit in rem against such unlawful oil . . . and against all persons owning, claiming or in possession thereof, such suit to be brought in the name of the State . . . in any court of competent jurisdiction in Travis County or in the county in which such oil . . .

trial it shall be found that the oil is unlawful, the court shall render judgment forfeiting the same to the State and authorizing an order directed to sheriff or constable commanding him "to seize and sell" the condemned oil. Costs of suit and expenses of the sale are to be paid out of money received from the oil, and the balance becomes part of the general revenue fund of the State.

There is before us no question as to validity of the State's measures to regulate production, or as to when, if ever, the oil in controversy became forfeit.[6] The sole issue is whether the bankruptcy court should have permitted the State to bring suit in a state court to have the oil adjudged confiscate.

These are the facts.

Texas sued the Trinity Refining Company in the district court, 126th judicial district, Travis county, to recover fines and penalties for violation of the conservation

---

is located. If it shall appear to the court . . . that unlawful oil . . . mentioned in the petition . . . [is] in danger of being removed, wasted, lost or destroyed, the court is authorized and required . . . to issue restraining orders or injunctive relief . . . or to appoint a receiver to take charge of the oil . . . in question, or to direct the sheriff of the county . . . to seize and impound the same until further orders of the court."

(c) " . . . If, upon the trial of such suit the oil . . . in controversy is found to be unlawful . . . then the court . . . shall render judgment forfeiting the same to the State . . . and authorizing the issuance of an order of sale directed to the sheriff or any constable of the county where the oil or products are located commanding such officer to seize and sell said property in the same manner as personal property is sold under execution . . . The money realized from the sale . . . shall be applied, first, to the payment of the costs of suit and expenses incident to the sale . . . and all funds then remaining, shall be . . . placed to the credit of the General Revenue Fund of the State. . . ."

[6] *United States* v. *1960 Bags of Coffee*, 8 Cranch 398. See also *Clark* v. *Protection Insurance Co.*, 1 Story (C. C.) 109, 134; Fed. Cas. No. 2832.

laws. The court appointed Clopton and Hyder receivers of defendant's property pending the trial of the case. They took possession of property claimed by the defendant, including a large quantity of oil which the State insists had already become its property because unlawfully produced or transported. Later, the State sued the company in the district court, 98th judicial district of the same county, to recover delinquent taxes. That suit having been transferred to the district in which the first was pending, the court there appointed as receivers in the second case the same persons it had appointed in the first one.

Within four months after commencement of the first suit, the company filed its petition in the United States district court, submitting a plan of reorganization. The court found the petition to have been presented in good faith, approved it as properly filed, appointed Donoghue trustee of the debtor, directed him to take possession of its property, ordered that all persons having property of the debtor deliver it to him and issued in usual form a restraining order preventing interference with his possession or control. The trustee took from the receivers property claimed by the debtor including the oil in question, approximately 77,000 barrels. Texas applied to the bankruptcy court for permission to bring suit in a state court to obtain judgment of confiscation against that oil. The court withheld consent and directed the trustee to retain the oil. The Circuit Court of Appeals sustained that ruling, 88 F. (2d) 48, 51, and to review its judgment upon that issue, we brought the case here. 301 U. S. 674.[7]

---

[7] Later, no plan of reorganization having been adopted, the bankruptcy court ordered liquidation of the debtor's property under subds. (c) (8) and (k) of § 77 B. Donoghue was appointed trustee in bankruptcy. § 44; 11 U. S. C., § 72. This Court substituted him in that capacity as respondent in place of himself as trustee of the debtor.

The State's right to bring the suit in the state court is the same as if on its voluntary petition the company had been adjudged bankrupt on the day its petition for reorganization was approved. § 77B (o). Forfeiture of unlawful oil under Texas law is a penalty imposed to vindicate the State's policy of conservation. *Champlin Rfg. Co.* v. *Corporation Commission,* 286 U. S. 210, 240–241. The bankruptcy court exercises jurisdiction under sovereignty that is independent of and foreign to that of Texas. *Moore* v. *Mitchell,* 281 U. S. 18, 23. It is without power to enforce penalties imposed by the State for violation of its laws. *The Antelope,* 10 Wheat. 66, 123. *Wisconsin* v. *Pelican Ins. Co.,* 127 U. S. 265, 289, *et seq.* Cf. § 57 (j), Bankruptcy Act;[8] *New York* v. *Jersawit,* 263 U. S. 493, 496; *United States* v. *Childs,* 266 U. S. 304, 309–310. The State's insistence is not that it is presently entitled to establish a right to forfeit the oil, but that the oil became its property when produced or transported contrary to law. It seeks not to forfeit but to enforce the forfeiture that resulted, as it maintains, immediately from unlawful production or transportation.

Possession or control of the oil by the state court is not essential to its jurisdiction to entertain the suit proposed to be brought.[9] Texas does not claim to be entitled to possession of the oil until final adjudication in the state court. Retention by the trustee is not inconsistent with the maintenance of that suit. He is entitled there to be heard in support of his claim to the oil. If when the debtor's petition was approved the oil did not belong to Texas, the State was not entitled to have it withheld from the trustee. But, if by reason of unlawful production or transportation, the oil had already by forfeiture become

---

[8] 11 U. S. C., § 93 (j).

[9] Art. 6066a, §§ 10 (b) and (c).

the property of the State, the trustee was not entitled to take or retain it. If in a suit brought by Texas in a state court it should be determined that title to the oil had vested in the State before approval of the debtor's petition, the bankruptcy court doubtlessly will recognize that title and direct the trustee to hand over the oil or account for it to the State. *Rose* v. *Himely,* 4 Cranch 241, 268. *Hudson* v. *Guestier,* 4 Cranch 293, 297. See *Wisconsin* v. *Pelican Ins. Co., supra,* 291.

The filing of the petition for reorganization in the bankruptcy court may not be held to deprive the State of opportunity in its own court to establish its claim that through forfeiture it had already become the owner of the oil for that would be to take the State's property for the benefit of the offending company or its creditors. Nor may the receivers' voluntary surrender of possession to the debtor's trustee prevent adjudication of the State's claim. The bankruptcy court abused its discretion in denying the State's application for permission to institute proceedings in the state court and, to the extent that the Circuit Court of Appeals sustained that ruling, its judgment must be

*Reversed.*

MR. JUSTICE CARDOZO, dissenting.

I think the judgment should be affirmed.

Texas was not the owner of the oil in controversy when it came into the possession of the court of bankruptcy. If she had been such an owner, she could be heard in that court *pro interesse suo,* vindicating her title in reclamation proceedings like any other adverse claimant. By common consent ownership sufficient for such relief was not hers when the court of bankruptcy took the oil into its custody, and is not hers today. "It is not correct to say, that property forfeited is vested in the government

at the very moment of forfeiture, and the title of the owner immediately devested. On the contrary, the established doctrine is, that, notwithstanding the forfeiture, the property remains in the owner, until it is actually seized by the government, and then by the seizure the title of the government relates back to the time of the forfeiture." *Clark* v. *Protection Insurance Co.,* 1 Story 109, 134; cf. *United States* v. *Stowell,* 133 U. S. 1. So far as I am aware there is no contention to the contrary. The oil "shall be forfeited to the State as hereinafter provided" (Texas Revised Civil Statutes, Art. 6066a, § 10), and not otherwise. The statute does not mean that without the aid of any judgment title is transferred at once on the commission of the offense. The judgment is to be *in rem* and imports control over the *res.* *Pennoyer* v. *Neff,* 95 U. S. 714, 734; *Isaacs* v. *Hobbs Tie & T. Co.,* 282 U. S. 734.

With the oil in the possession of the federal court of bankruptcy—a possession lawfully acquired—leave to sue in the state court for a decree of forfeiture and sale will be an idle and empty form, productive of nothing except delay and vain expense, unless upon the pronouncement of the decree it will be the duty of the court of bankruptcy to surrender the oil to the court of another jurisdiction, and this for the sole purpose of making a forfeiture effective. I deny that any such duty will exist. Cf. *Isaacs* v. *Hobbs Tie & T. Co., supra.* I find no intimation of its existence in any case till this one. Certainly there is none in the cases now cited in the opinion of the court. True indeed it is that if possession of the *res* were to be acquired by the Texas court at the time of the decree of forfeiture or even at the time of a sale pursuant thereto, a title obtained thereunder would be recognized as valid everywhere. *Wisconsin* v. *Pelican Ins. Co.,* 127 U. S. 265, 291; *Rose* v. *Himely,* 4 Cranch 241; *Hudson* v. *Guestier,* 4 Cranch 293; Dicey, Conflict of

Laws, 5th ed., pp. 484, 485. This is far from saying that a court of another jurisdiction which already holds the *res* upon a trust for general creditors will give its possession up in aid of a forfeiture otherwise impossible. "The courts of no country execute the penal laws of another." *The Antelope,* 10 Wheat. 66, 123; *Gwin* v. *Breedlove,* 2 How. 29, 37; *Wisconsin* v. *Pelican Ins. Co., supra; Huntington* v. *Attrill,* 146 U. S. 657, 666; *Loucks* v. *Standard Oil Co.,* 224 N. Y. 99, 102; Dicey, *supra,* p. 212. Cf. Bankruptcy Act, § 57 (j). Within the purview of that doctrine, the state and the federal courts are ranked as courts of separate sovereignties, quite as much as the courts of different states. *Gwin* v. *Breedlove, supra; Moore* v. *Mitchell,* 281 U. S. 18, 23. If the oil in controversy had been removed to California and were in possession of the receivers of a California corporation after a decree of dissolution, would any one contend that the California court would order its receivers to return the property to Texas for the purpose by such return of making a forfeiture effective? A federal court of bankruptcy is subject to no greater duty. The prevailing opinion commits us to a holding that property in one jurisdiction may be diverted from the use of creditors and made to feed a forfeiture in another jurisdiction, a forfeiture *brutum fulmen* unless thus aided from afar. If that is done, the efficacy of penal laws will have taken on a new extension. Without a transfer of possession the forfeiture is dead at birth. A court of bankruptcy will not stir a hand to make it viable.

I am authorized to state that Mr. Justice Stone joins in this opinion.