**STOUT, California State Liquor Administrator, v. GREEN.**

No. 10068.

Circuit Court of Appeals, Ninth Circuit.

Nov. 30, 1942.

Earl Warren, Atty. Gen., of California, and J. Albert Hutchinson and Walter S. Rountree, Deputy Attys. Gen. of California, for appellant.

Frank C. Lerrigo, of Fresno, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

This is an appeal from an order of the United States District Court, sitting in bankruptcy, affirming, as modified by the Judge of the Court, an order of the Referee in Bankruptcy, continuing in effect a temporary restraining order, restraining appellants from seizing a still belonging to the bankrupt estate, under provisions of the California Alcoholic Beverage Control Act [Deering's General Laws Act 3796].

The facts are not in dispute, and may be simply stated. George Hugo Malter was declared a bankrupt on November 18th, 1939, at which time Bert M. Green, appel-

lee herein, was appointed trustee for the said bankrupt estate.

An article of the bankrupt estate was a dismantled still, which had been owned and possessed by the bankrupt, pursuant to a license issued by the State of California under the provisions of the California Alcoholic Beverage Control Act. The annual renewal license fee of $10.00 to the State, which became due on June 30, 1939, had not been paid when the trustee in bankruptcy took possession and he never used the still nor operated the business of the bankrupt but acted only to preserve and liquidate the estate assets. The trustee refused to pay the license fee upon demand, and thereupon the State Liquor Officers threatened to seize the still.[1] Against this, the Referee in Bankruptcy, on April 18, 1940, issued an order restraining the seizure.

Thereafter, on December 11, 1940, the trustee filed an application with the State Board of Equalization on a form furnished by it, applying for a license to possess the still in question. A certified check for $10.00 accompanied the trustee's application. No action either granting or denying the application has been taken by the State Board of Equalization.

On May 7, 1941, the State Liquor Administrator filed his answer to the trustee's petition for a restraining order, and his petition for delivery of possession of the still, in which it was prayed that the Referee order the still to be delivered to the State officers with leave to the appellants to proceed in the State Courts by appropriate action for the confirmation of the forfeiture of the still.

Thereafter, the Referee had a further hearing upon the trustee's and the Liquor Administrator's respective petitions, after which he made the following order:

"Ordered that * * * said temporary restraining order is hereby continued in force and effect until action is taken by the State Board of Equalization upon the application of the trustee for a license * * * and until the further order of the Court. Jurisdiction of the Referee is hereby retained to entertain pending or future petitions in the premises, after action by the State Board of Equalization upon the trustee's application for a license herein."

The appellant herein filed a Petition for Review of the Order of the Referee, and after hearing, the District Court made the following order:

"It is, therefore, ordered that the petition of George M. Stout * * * be and it is hereby denied as to the prayer for reversal of the Referee's orders * * *.

"It is further ordered that the order [2] of the Referee for injunction be and it is hereby modified as follows: said Board of Equalization of the State of California, its officers, agents, employees and attorneys are, and each of them is, enjoined and restrained from in any manner enforcing or attempting to enforce the provisions of the Alcoholic Beverage Control Act of the State of California * * * against the estate of George Hugo Malter, bankrupt, and its trustee, Bert M. Green; without prejudice, however, to the filing by the Board of Equalization of any claim for any license fees which such Board may deem advisable to present as a claim for expenses of administration incurred by the trustee in the course of administration of the bankrupt estate."

In seeking a reversal of the last mentioned order, the Liquor Administrator cites the case of State of Texas v. Donoghue, 302 U.S. 284, 58 S.Ct. 192, 194, 82 L.Ed. 264, and urges therefrom that it was error for the Referee not to have permitted the institution of State Court proceedings to have the still declared forfeit.

In the cited case, the State of Texas had applied for and had been refused per-

---

[1] Section 51a of the California Alcoholic Beverage Control Act provides:

"Right to seize unlicensed stills. The board or its employees shall also have the power to seize any unlicensed still, whether in actual operation or not, and whether assembled for operation or dismantled, and also any parts of such stills, and also any materials or supplies capable of being used for the manufacture of alcoholic beverages which are found on or about the premises where any such unlicensed still or parts thereof are found."

Section 51b provides:

"Seizure a statutory forfeiture. When alcoholic beverages or any other property are seized under the provisions of this act such alcoholic beverages or other property shall be forfeited to the State and all such forfeitures are hereby declared to be statutory forfeitures."

[2] The order of the Referee appealed from was not an order for an injunction, as designated by the District Court, but an order continuing in effect the temporary restraining order of April 18, 1940.

mission to institute proceedings in the State Court to have certain oil, alleged to have been unlawfully produced, declared forfeited to the State. In holding that such permission should have been granted, the majority of the Supreme Court pointed out that there was no issue as to "when, if ever, the oil in controversy became forfeit", interpreting the State statute in question to provide for forfeiture at the time of the illegal production. This interpretation is borne out by the further statement in the majority opinion, "It [the State] seeks not to forfeit, but to enforce the forfeiture that resulted, as it maintains, immediately from unlawful production or transportation". In this situation, it was held that "if by reason of unlawful production or transportation, the oil had already by forfeiture become the property of the State, the trustee was not entitled to take or retain it", and that "The filing of the petition for reorganization in the bankruptcy court may not be held to deprive the State of opportunity in its own court to establish its claim that through forfeiture it had already become the owner of the oil for that would be to take the State's property for the benefit of the offending company or its creditors".

There is a dissenting opinion in the cited case, but it does not differ from the majority opinion, as to the statement of the law, but proceeds upon the theory that under the State statute with which they were there concerned forfeiture did not result immediately from the prohibited act, but rather, that "notwithstanding the forfeiture, the property remains in the owner, until it is actually seized by the government, and then by the seizure the title of the government relates back to the time of the forfeiture".

■ It thus appears that under both the majority and dissenting opinions in the cited case, the answer to the question with which we are immediately concerned turns upon a proper understanding of the State statute in question. The principle is well stated by the authors of American Jurisprudence [Vol. 23, Forfeitures and Penalties, § 9, pp. 606, 607] as follows:

"This occurrence of the vesting of the title must depend upon the construction of the statute. The legislature has the power to decide on what event a divestiture of right shall take place, whether on the commission of the offense, the seizure, or the condemnation."

See, also, United States v. 1960 Bags of Coffee, 12 U.S. 398, 8 Cranch 398, 3 L.Ed. 602; Oakland Railroad Co. v. Oakland, B. & F. V. R. Co., 45 Cal. 365, 13 Am.Rep. 181; Kriess v. Faron, 118 Cal. 142, 50 P. 388; Kaiser Land & Fruit Co. v. Curry, 155 Cal. 638, 103 P. 341; Lemon v. Los Angeles Terminal R. Co., 38 Cal.App.2d 659, 102 P.2d 387.

The California State Legislature [see Footnote 1, supra] does not declare that a still is forfeited upon the expiration of a license; on the contrary, it provides that an unlicensed still *may be seized* by the board, and upon such seizure, it shall be forfeit. It follows, therefore, that State of Texas v. Donoghue, supra, is not decisive as argued by the State.

■■ The court of bankruptcy has exclusive jurisdiction to determine conflicting claims to property in its possession, and it may restrain proceedings in state courts which would interfere with the due administration of the estate. In the proper exercise of the bankruptcy court's jurisdiction, however, that court should submit to the state courts certain limited controversies arising in the course of the bankruptcy administration, as in State of Texas v. Donoghue, supra. Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 483, 60 S.Ct. 628, 630, 84 L.Ed. 876, is another illustration of this principle. We quote:

"A court of bankruptcy has an exclusive and nondelegable control over the administration of an estate in its possession. But the proper exercise of that control may, where the interests of the estate and the parties will best be served, lead the bankruptcy court to consent to submission to State courts of particular controversies involving unsettled questions of State property law and arising in the course of bankruptcy administration."

In the last cited case, it was held that the bankruptcy court should have allowed the state courts decide a question which called for interpretation of instruments of conveyance in accordance with state law, and where neither the state statutes nor decisions pointed to the solution. The Court in this connection pointed out that " * * * the difficulties of determining just what should be the decision under the law of that State are persuasively indicated by the different results reached by the two Circuit Courts of Appeal that have attempted the determination. Unless the

998

matter is referred to the State courts, upon subsequent decision by the Supreme Court of Illinois it may appear that rights in local property of parties to this proceeding have —by the accident of federal jurisdiction— been determined contrary to the law of the State which in such matters is supreme."

There is no circumstance in the instant case calling for the application of the principle exercised in these cited cases.

The record discloses that in the instant case the United States claims a lien on the still in question arising out of claimed unpaid alcohol taxes. The bankruptcy court is the proper forum in which to determine these conflicting claims.

The respective parties to this appeal argue at length in their briefs as to whether or not the trustee should be required to pay the license fee for his possession of the still, and as to when, if at all the fee is payable. In our opinion, however, these questions are not before us. There is presently pending before the State Board of Equalization an application by the trustee for a license to possess the still in question, and that the trustee tendered a certified check in the sum of $10.00, the yearly license fee, with his application. The restraining order granted by the referee merely restrained seizure of the still "until action is taken by the State Board of Equalization upon the application of the trustee for a license * * *", and the modification by the District Court provided that the restraint should be "without prejudice * * * to the filing by the Board of Equalization of any claim for any license fees which such Board may deem advisable to present as a claim for expenses of administration incurred by the trustee in the course of administration of the bankrupt estate."

There remains one point, however, concerning the extent of the restraint as modified by the Judge of the Bankruptcy Court. Under this modification, the Board of Equalization, etc., were enjoined "from in any manner enforcing or attempting to enforce the provisions of the Alcoholic Beverage Control Act of the State of California * * * against the estate of George Hugo Malter, bankrupt, and its trustee, Bert M. Green", which, with some justification is argued by appellants, in effect prohibits the State from "the commencement and prosecution of criminal proceedings in the state courts for violations of the penal statutes of the state".

It is alleged in the first petition asking a restraining order that the liquor control officers "have threatened to have a felony complaint issued against petitioner for failure to comply with said Alcohol Beverage Control Act, and have interviewed the District Attorney of Fresno County to that end". However, there was no proof introduced to substantiate this allegation, and there is no finding of any threat to prosecute the trustee by criminal proceedings. No such threat having been shown, the restraint against it was improper and the Referee's order should have been allowed to stand without modification. The order here appealed from is modified so as to affirm the Referee's order without modification. As thus modified, the order here appealed from is

Affirmed.