**REDMOND et al. v. UNITED FUNDS MANAGEMENT CORPORATION et al.**

No. 12747.

Circuit Court of Appeals, Eighth Circuit.

July 24, 1944.

Rehearing Denied Sept. 7, 1944.

Writ of Certiorari Denied Nov. 20, 1944.

See 65 S.Ct. 188.

Fyke Farmer, of Nashville, Tenn., and Rudolph K. Schurr, of St. Louis, Mo., for appellants.

John C. Grover, of Kansas City, Mo. (J. L. Milligan, of Kansas City, Mo., on the brief), for appellee Charles L. Aylward, Trustee in Bankruptcy of estate of United Funds Management Corporation.

Cornelius Roach, of Kansas City, Mo. (Daniel L. Brenner, of Kansas City, Mo., on the brief), for appellee United Funds Management Corporation, bankrupt.

James E. Goodrich, of Kansas City, Mo. (Watson, Ess, Groner, Barnett & Whittaker, of Kansas City, Mo., on the brief), for appellee Commerce Trust Co.

Before STONE, THOMAS, and JOHNSEN, Circuit Judges.

STONE, Circuit Judge.

In important aspects, this appeal is a companion case to No. 12,746, Redmond and Parker v. Commerce Trust Co., Trustee, 8 Cir., 144 F.2d 140, in which an opinion is filed on this date. Had we, when we denied a motion to consolidate the two appeals, been as well advised as we are now, the motion would probably have been granted. However, some determinations in No. 12,746, with the supporting statements in that opinion, are pertinent and controlling here, hence, we will make use of them without full repetition. That opinion should be read for a fuller understanding of this opinion.

No. 12,746 is a class action in equity by beneficiaries (certificate holders) against the Commerce Trust Company to enforce and administer a trust wherein United Funds Management Corporation was the trustor and Commerce the trustee and whereunder collateral had been placed in the trust fund to secure (in accordance with the trust indenture) certificates issued by United. The detailed purposes of that action are set forth in the opinion in that appeal. For present uses, it is enough to state that the petition in that case had been dismissed for want of jurisdiction and that one of the jurisdictional issues was whether

the bankruptcy court had prior and exclusive jurisdiction of the subject matter of the equity action stated in that petition because of a stipulation-contract between Commerce and the trustee in bankruptcy of United, which had been approved by the bankruptcy court.

The present appeal is from the denial of a petition to intervene in the bankruptcy proceeding of the two plaintiffs alone who, in No. 12,746, were plaintiffs for the class action. An outline of the petition, which they sought to file in intervention, is as follows. They are holders of Series "L" certificates and have filed claims for the full amounts paid in by them on their certificates with interest. In their claims, they expressly reserved the right to share in the trust funds held by Commerce and the right to insist that such funds were not subject to the jurisdiction of the bankruptcy court. Of about 5,000 such certificate holders, claims have been filed for about 3,500, practically all of which were for cash surrender values. The amount of unsecured claims is negligible. Under a proper construction of the trust indenture, certificate holders are entitled to amounts paid in by them with interest and they are entitled to such payment out of the trust funds. Such payment would exhaust the trust funds leaving no surplus or equity for the bankrupt estate. Filing and dismissal of the petition involved in appeal No. 12,746 is alleged and copy of such petition attached and made part of this petition.[1] Approval of the stipulation-contract between Commerce and the trustee in bankruptcy is stated; that Commerce is in possession of the trust fund collaterals and has applied to the bankruptcy court for approval of sales of such collateral, some of which have been sold and the proceeds held by Commerce. The action in the State court by Commerce for construction of the trust indenture as to its power to sell collateral and as to the surrender value date is outlined. It is alleged this stipulation-contract should be cancelled and set aside because (1) the bankrupt estate has no interest in the trust funds since the just claims of certificate holders payable therefrom will leave nothing for the estate; (2) the unsecured claims are negligible and will probably not exceed the unpledged assets; (3) the stipulation-contract was predicated on the erroneous construction of the trust indenture that the trust funds secured only the surrender values of certificates and there would be a surplus therefrom going to and which would be paid over to the estate by Commerce; (4) the trust funds are not within possession or jurisdiction of the bankruptcy court and can be administered only in a plenary suit in equity, such as filed by them, where all certificate holders can be brought in and their rights in the trust funds determined; (5) the trustee in bankruptcy and the bankrupt can be made parties to such plenary suit and assert any claims to the trust funds which they deem warranted; and (6) the stipulation-contract stands in the way of the Commerce performing its duties under the trust indenture and tends to render impossible any speedy, fair and equitable administration and distribution of the trust funds. The relief prayed was (1) for rule to answer, (2) for orders vacating approval of the stipulation-contract, for cancellation of the contract, and for directions to the trustee in bankruptcy either to abandon all claim to the trust funds or to assert such in the plenary suit, (3) for an order directing valuation of securities held by secured creditors in the trust funds collateral be determined by sale in the plenary suit, (4) for an order against impounding the bankruptcy petition and list of creditors, (5) for discovery from the officers of the bankrupt and others, concerning the cause of the bankruptcy, the dealings with creditors, and other matters "herein mentioned" affecting the administration and settlement of the estate, and (6) for general relief.

The application to intervene was denied "because it appears to the court that there is no necessity or justification for the separate trial of the issues tendered by the proposed petition."

The position of appellants is well stated in their reply brief as follows: "Appellants have not abandoned or waived any of their rights to complain of the unwarranted action of the bankruptcy court in refusing to allow their petition to be filed or to come on for hearing. The principal object of the petition was to set aside this contract. When this is done it will follow that an order should be entered directing that the value of the securities held by the secured creditors shall be determined by converting same into money according to the terms of the agreement, and in the plenary suit filed

---

[1] While this petition alleges the attachment of the amended petition in appeal No. 12,746 as exhibit A hereto, this record does not contain that exhibit.

158

by appellants against the Commerce Trust Company [appeal No. 12,746]. The latter prayer, however, is of slight importance because of the small amount of surplus funds from the general estate which will remain for distribution among the secured creditors, as compared with the total amount of their deficiency claims."

■ In appeal No. 12,746, it was necessary to determine whether the stipulation-contract was or was not valid as to the certificate holders since the power of Commerce, as trustee, to enter into it was at issue. We have determined, in that appeal, that Commerce had power to make such contract when approved by the bankruptcy court. We have also sustained, in that appeal, the exclusive jurisdiction of the bankruptcy court. In so far as this petition seeks to defeat that jurisdiction, the determination must be adverse to appellants.

■ However, this petition seeks also an exercise of that jurisdiction. The main relief sought is to have the bankruptcy court renounce its jurisdiction under the stipulation-contract and to relegate the matter to a plenary suit in equity to determine the rights of all interested parties, including the bankrupt and the trustee in bankruptcy. This is within the power of that court.[2] The exercise of such power is governed by practical considerations. Note discussion in Foust v. Munson S. S. Lines, 299 U.S. 77, 87, 57 S.Ct. 90, 81 L.Ed. 49. In short, it involves and depends upon the exercise of a sound judicial discretion. While the order was here made on the application to intervene, the above quoted reason therefor, stated in the order, clearly reveals that the action of the court was, in effect, a decision of the court to retain and exercise its jurisdiction instead of relegating the matter to a plenary suit. So long as the decision, one way or the other, does not deprive parties of their rights it cannot be overthrown. If it does destroy rights, the exercise of discretion is abused and may be overthrown. State of Texas v. Donoghue, 302 U.S. 284, 58 S.Ct. 192, 82 L.Ed. 264, and compare Foust v. Munson S. S. Lines, 299 U.S. 77, 57 S.Ct. 90, 81 L.Ed. 49.

■ We see no reason why appellants cannot secure in the bankruptcy proceeding as full protection of the rights claimed by them as they could in a plenary action. What they claim is an equitable lien upon these trust funds for the payments in on their certificates with interest. The Bankruptcy Act expressly preserves the *rights* of secured creditors, § 67, sub. d, 11 U.S.C.A. § 107, sub. d. However, the jurisdiction and the method of determining such rights is procedural. McDonald v. Plymouth County Trust Co., 286 U.S. 263, 52 S.Ct. 505, 76 L.Ed. 1093; Allebach v. Thomas, 4 Cir., 16 F.2d 853, 855; In re Williams Estate, 9 Cir., 156 F. 934, 939; In re Jersey Island Packing Co., 9 Cir., 138 F. 625, 627, 2 L.R.A., N.S., 560. A Court of Bankruptcy has adequate equity powers to adjudicate all liens and encumbrances and the method of their liquidation (Isaacs v. Hobbs Tie & T. Co., 282 U.S. 734, 738, 51 S.Ct. 270, 75 L.Ed. 645; Gamble v. Daniel, 8 Cir., 39 F.2d 447, 454) and this jurisdiction has been applied to equitable liens. Britton v. Union Inv. Co., 8 Cir., 262 F. 111. Nor is there ground for apprehension that costs and fees will be more burdensome than in a plenary suit.

■ Appellants allege that about 3,500 certificate holders have filed claims in the bankruptcy proceeding—most of which were only for surrender values—and that they have done this in ignorance of their rights to claim the greater amounts paid in on their certificates plus interest. Although General Order 37 provides that "the Rules of Civil Procedure for the District Courts of the United States shall, in so far as they are not inconsistent with the Act or with these general orders, be followed as nearly as may be" (11 U.S.C.A. following section 53), yet General Order 4, which is that "a creditor will only be allowed to manage before the court his individual interest," may prevent a "class" presentation of the matters urged by appellants. However, there is no reason to suppose the bankruptcy court would prevent individual amendment of the claims if properly applied for by these numerous certificate holders.

---

[2] Even where the bankruptcy court has possession of the res, it has a discretion to allow determination of rights affecting the res to be in another tribunal. Mangus v. Miller, 317 U.S. 178, 185, 186, 63 S.Ct. 182, 87 L.Ed. 169; Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 483, 60 S.Ct. 628, 84 L.Ed. 876; Ex parte Baldwin, 291 U.S. 610, 619, 54 S.Ct. 551, 78 L.Ed. 1020; Poinsett L. & Mfg. Co. v. Drainage District No. 7, 8 Cir., 119 F.2d 270, 272; Field v. Kansas City Ref. Co., 8 Cir., 296 F. 800, 806.

■■ The impediment to such applications seems to be—as appears in the prayer of the petition—that appellants are unable to apprise these certificate holders of their rights because they cannot ascertain the names of such holders since (they allege) an order has been made impounding the petition of the bankrupt and the list of creditors. If such an order has been made, it would undoubtedly be vacated or not enforced as to appellants, upon proper application therefor. Such papers are records and files in the proceeding and any party having legal interest in the proceeding—and these appellants have such interest—is entitled to inspect them. Act § 47, 11 U.S.C.A. § 75; Act § 49, 11 U.S.C.A. § 77; General Order 24; Ex parte Uppercu, 239 U.S. 435, 440, 36 S.Ct. 140, 60 L.Ed. 368, and see Petition of Moulthrop, 6 Cir., 249 F. 468. In re Sully, 2 Cir., 152 F. 619, 620, 621, was a case where creditors were "parties in interest" in reexamination of claims under section 57, 11 U.S.C.A. § 93, even though they acted chiefly or solely in the interest of a third party.

We have not before us in this appeal the matter of whether or to what relief appellants may be entitled in the bankruptcy court. In the other appeal (No. 12,746), we had before us the amended petition filed in the court of equity. We did not reach determination of the sufficiency of that petition to state a cause for relief because we decided against the jurisdiction of that court. But that petition did apprise us of these appellants' contentions there, to wit, that they were entitled to an equitable lien upon the Series "L" trust fund for the amounts paid in on their certificates with interest; that this voluntary bankruptcy proceeding was a move by the bankrupt to secure for itself and stockholders the difference between the surrender values of certificates and the amounts paid in thereon; and that this difference would, since the unsecured indebtedness was trivial, result in substantial enrichment of the bankrupt and its stockholders at the expense of the certificate holders, its creditors.

■ In that appeal, insistence was put upon the claimed right to an equitable lien on the trust funds. It was urged that this was given by the express terms of the trust indenture. Also, it was asserted that "there would be an implied promise that the Company would not attempt to use bankruptcy proceedings as a means to defraud the contract [certificate] holders by liquidating on a cash surrender value basis and appropriating the surplus of its assets derived altogether from the payments made by the contract holders for the stockholders," citing and quoting from Central Trust Co. of Ill. v. Chicago Auditorium Ass'n, 240 U.S. 581, 591, 36 S.Ct. 412, 60 L.Ed. 811, L.R.A. 1917B, 580. It may or may not be that certificate holders are entitled to an equitable lien. It may or may not be that they are not entitled to such lien but are entitled, as common creditors, to claim the difference between surrender values and amounts paid in on certificates. We do not anticipate what contentions appellants or other certificate holders may make in the bankruptcy court or what disposition thereof may be made by that court. However, if it should appear in such proceedings that certificate holders are entitled to more than surrender values and that the bankrupt and its stockholders will improperly profit if these holders are not paid, a situation will be presented which should arrest the attention of a court of conscience. That the bankruptcy court will then be able to do justice to all parties is assured since "the malleable processes of courts of bankruptcy give assurance of a remedy that can be moulded and adapted to the needs of the occasion." Steelman v. All Continent Corp. 301 U.S. 278, 290, 57 S.Ct. 705, 710, 81 L.Ed. 1085; Brown v. O'Keefe, 300 U.S. 598, 605, 57 S.Ct. 543, 81 L.Ed. 827, and see In re Young, 4 Cir., 294 F. 1, 3.

The judgment is affirmed.