B. B. WOODSON, Trustee in Bankruptcy for Sterling R. Decker and Mary Jane Decker, partners t/a Berkeley Community Builders, Appellant,

v.

George GILMER, Appellee.

E. V. ECHOLS, Trustee in Bankruptcy, Albert Mahanes Company, Incorporated, Bankrupt, Appellant,

v.

George GILMER, Appellee.

Nos. 9142, 9229.

United States Court of Appeals Fourth Circuit.

Argued Nov. 8, 1963 (No. 9142) and Jan. 22, 1964 (No. 9229).

Decided April 16, 1964.

William S. Aaron, Jr., and Robert M. Musselman, Charlottesville, Va. (Walker, Woodson & Aaron, Charlottesville, Va., on the brief) for appellant in No. 9142.

James H. Michael, Jr., Charlottesville, Va. (Magruder Dent, Jr., and Michael & Dent, Charlottesville, Va., on the brief) for appellant in No. 9229.

Carl E. Hennrich, Charlottesville, Va., for appellee.

Before HAYNSWORTH, BOREMAN and BRYAN, Circuit Judges.

HAYNSWORTH, Circuit Judge:

The Referee in Bankruptcy refused to enjoin a creditor from prosecuting in a state court an action attacking state court judgments obtained by the Trustees. The District Court affirmed the Referee's action, and we, in turn, affirm his.

At the time of the bankruptcy, Dr. Decker, the bankrupt individual, claimed an indebtedness of some $37,000 due him on an open account by Commonwealth Utilities, Inc. Another of Decker's controlled corporations, Albert Mahanes Company, Inc., which was also in bankruptcy, claimed it was due some $22,000 by Commonwealth Utilities, Inc. Decker and his wife owned all but one of the shares of Commonwealth Utilities, Inc. On the relevant dates, Utilities was not in bankruptcy nor was it insolvent.

At the suggestion of the Referee in Bankruptcy, the Trustees of the individual, Decker, and of the corporation, Mahanes, filed actions in the state court against Commonwealth Utilities, Inc., seeking to reduce their open account claims to judgments. At the instance of the Trustees and of the Referee, Decker,

148

as President of Utilities, confessed judgments in those actions.

Decker's principal creditor, George Gilmer, owned one share of the stock of Utilities and was a large creditor of Utilities, as well as of Decker. He brought an action in the state court by which he sought to set aside the confessed judgments against Utilities and in favor of the Trustees in Bankruptcy. He did so without having previously obtained the permission of the Referee in Bankruptcy. The Referee, however, refused to enjoin Gilmer's prosecution of the state court action, stating that he thought Gilmer had a right to litigate that question in the state court.

On these appeals, it is contended that, under § 2 of the Bankruptcy Act, the jurisdiction of the Bankruptcy Court was exclusive and, without the previously obtained permission of the Referee, the state court is wholly without jurisdiction to entertain any proceeding affecting the security of the confessed judgments for the claims of the Trustees. The contention goes too far.

The jurisdiction of the Bankruptcy Court, insofar as it is necessary that it be exercised in the administration of the bankrupt estate, is exclusive. Nevertheless, many claims by or against the bankrupt estate are properly prosecuted in state courts. It is well settled that actions against the trustee may be brought in a state court, subject only to the approval of the Referee.[1] The question may be so clearly one for resolution in the state courts, that refusal of his permission and approval may be an abuse of the Referee's discretion.[2]

The prosecution of unauthorized proceedings in the state court which would interfere with the bankruptcy court's administration of the estate may be enjoined.[3] It does not follow, however, that a state court is so completely lacking in jurisdictional power that it may not proceed to resolve an essentially state court question when the Referee's approval of the proceeding is granted after the state court action is commenced rather than before. The prohibition of the Bankruptcy Act goes to the state court's exercise of jurisdictional power rather than to the existence of the power itself.

There is no question but that the state court here has subject matter jurisdiction of an action collaterally attacking its own earlier judgments. It has *in personam* jurisdiction of the parties. If it lacked either, the Referee's approval could not supply the deficiency. The essential elements of jurisdictional power are there. Gilmer's is not an action *in rem*. The state court's jurisdictional power is not dependent upon its possession of any tangible *res*. The exclusive jurisdiction of the bankruptcy court to administer the bankrupt estate imposes implicit restrictions upon a state court's exercise of its jurisdictional power, but the limitations are not absolute for they are completely lifted by the Referee's approval, an approval he may not unreasonably withhold.[4]

The Referee was clearly of the opinion that Gilmer's attack upon the validity of the state court's judgments in favor of the Trustees presented questions peculiarly cognizable in the court which had rendered the judgments under attack. Though it may even be doubted whether

1. Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876; Isaacs v. Hobbs Tie & T. Co., 282 U.S. 734, 51 S.Ct. 270, 75 L.Ed. 645.

2. Thompson v. Magnolia Petroleum Co., 309 U.S. 478, 60 S.Ct. 628, 84 L.Ed. 876; Texas v. Donoghue, 302 U.S. 284, 58 S.Ct. 192, 82 L.Ed. 264; Marian Corporation v. Bray, 4 Cir., 235 F.2d 318.

3. 28 U.S.C.A. § 2283. Before the 1948 revision, the only expressed exception to

the anti-injunction statute was the bankruptcy exception. The 1948 revision, as disclosed by the Reviser's note, was intended to preserve the bankruptcy exception, to recognize the existence of other exceptions implicit in other acts of the Congress, and to overturn the result of Toucey v. New York Life Insurance Co., 314 U.S. 118, 62 S.Ct. 139, 86 L.Ed. 100.

4. See cases cited in Footnote 2.

a bankruptcy court should undertake to exercise its jurisdiction to resolve such a question, the Referee's expression of his sense of appropriateness certainly has abundant justification.

Under these circumstances, the objection that his approval of the prosecution of Gilmer's state court action came after its commencement rather than before seems a minor quibble. Until the Referees' approval was obtained, Gilmer was not authorized to proceed, and further proceedings in the state court could be enjoined by the District Court. The Referee's approval, however, ratified what Gilmer had done. Since the state court was not wholly without jurisdictional power, the Referee's ratification of the institution of the action and his approval of its further prosecution, was complete authorization to Gilmer and the state court to proceed to judgment.

Affirmed.